GRAISE, APPELLANT, *v.*
THE FIRESTONE TIRE & RUBBER CO., APPELLEE.

[Cite as Graise v. Firestone Tire & Rubber Co. (1979),
65 Ohio App. 2d 119.]

(No. 9189—Decided June 27, 1979.)

*Mr. Bruce N. Metz,* for appellant.
*Mr. C. Daniel Karnes* and *Mr. William K. Rice,* for
appellee.

MAHONEY, J.   Plaintiff-appellant, Charles Graise, Jr., ap-
peals from a judgment of the Court of Common Pleas denying
his application for modification and correction of an arbitrator's
award. We modify.

*Facts*

Graise was an hourly employee of the defendant-appellee,
Firestone Tire & Rubber Company (hereinafter Firestone),
which had a collective bargaining agreement with Local No. 7
of the United Rubber, Cork, Linoleum and Plastic Workers of
America.

The union agreement provided for a grievance and ar-
bitration procedure. The agreement further provided, in perti-
nent part, as follows:

Section 3(a) of Article XII provides, in part, that:

"When an employee is found to be unjustly discharged or

suspended, he shall be reinstated without a break in seniority or loss of wages.***"

Section 2(a)(6) of Article XI provides, in part, that:

"The impartial arbitrator***shall have no power to add to, subtract from, or modify any provision of this Agreement***."

Graise was discharged for absenteeism allegedly due to an incarceration. The arbitrator found that:

"5. ***[The discharge] cannot be sustained because it was obviously based upon erroneous information.***

"6. Back pay is inappropriate because the record before the arbitrator shows that the Company was not informed at any time prior to the arbitration hearing on this grievance that the charges against the grievant had been dismissed without his ever being incarcerated."

The arbitrator rescinded the discharge and ordered Graise reinstated without loss of seniority and without back pay.

Graise promptly filed an application under R. C. Chapter 2711 seeking a modification of the award to include back wages. The matter was submitted to the trial court upon a stipulation of facts and upon the issue of whether the arbitrator had "exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The trial court found that the arbitrator did not exceed his powers and denied the application.

*Assignments of Error:*

"1. The common pleas court erred prejudicially as against appellant in the review of the subject arbitration award by failing to apply the unequivocal provisions of the Labor Agreement which mandate that appellant be compensated for all lost income resulting from his wrongful/unjust discharge.

"2. The common pleas court erred prejudicially as against appellant in failing to find that the arbitrator had, in fact and law, imperfectly executed and exceeded his powers under the Labor Agreement as contended by appellant pursuant to R. C. 2711.09, et seq."

*Discussion*

Appellant's two assignments of error raise the same issue that was submitted to the trial court. We are called upon to

determine whether this case is one where a state court should overrule the award of an arbitrator where the award is, on its face, contrary to the terms of the agreement which provides for no loss of pay upon reinstatement for an unjust discharge. The general rule, of course, is that arbitration, as a means of settling disputes, is favored and that courts should refuse to review the merits of arbitration awards, seeking to effectuate the policy that labor disputes should be resolved by arbitration. *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.* (1960), 363 U. S. 593; *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.* (1960), 363 U. S. 574.

However, the court also said in the *Enterprise* case, *supra,* at page 597, that:

"***Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."

In this case, it is clear that the arbitrator had no authority to modify the contract in any way. Once he determined that the grievant was unjustly discharged, then the contract specifically provided that the grievant be reinstated without loss of wages and without a break in seniority. It appears that the arbitrator tried to apply some sort of equitable principle of "clean hands" or "mitigation of losses." His personal sense of justice cannot take precedence over the express and explicit terms of the collective bargaining contract. Cf. *Falls Stamping & Welding Co.* v. *International Union, United Automobile, Aircraft & Agricultural Implement Workers of America* (N.D. Ohio 1976), 416 F. Supp. 574, 578, reversed on other grounds (C.A. 6, 1978), 575 F. 2d 1191. The arbitrator's action here was clearly contrary to the express language of the contract and in excess of the arbitrator's powers under it. *Amanda Bent Bolt Co.* v. *International Union, United Automobile, Aerospace, Agricultural Implement Workers of America* (C.A. 6, 1971), 451 F. 2d 1277.

Firestone argues that this case is controlled by *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516. Our

Supreme Court applied the "essence" test in that case. Under that test "[a] mere ambiguity in the [award] opinion***which permits the inference that the arbitrator may have exceeded his authority" is not a reason for vacating the award so long as it draws its essence from the contract. *Id.,* at paragraph one of the syllabus. In *Goodyear, supra,* there was an express provision providing for modification of the agreement to conform to federal statutes and regulations. The arbitrator modified the contract by applying an Equal Employment Opportunity Commission Guideline which does not carry any statutory or regulatory authority. Such interpretation obviously permits an inference that the arbitrator's powers were exceeded. *But,* the essence of what he awarded was within the four corners of the contract provision for modification. Thus, that case is distinguishable from the case *sub judice* as really an error in the execution of his powers and not an act in excess of them, as we have in the case before us.

### Summary

The stipulation in the trial court limited the issue in this case to vacation under R. C. 2711.10(D) and not to modification under R. C. 2711.11. We have doubts that the latter is applicable here. Accordingly, we sustain both assignments of error and reverse the judgment of the trial court.

We have authority to direct a rehearing by the arbitrator. However, the error here is one of law and not of fact. Therefore, pursuant to R. C. 2711.11 and 2711.12, we hereby enter final judgment in favor of Graise and modify the award of the arbitrator to be without loss of wages as well as without a break in seniority.

*Judgment accordingly.*

BELL, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., of the Ninth Appellate District, retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.