*Dickens* (Sept. 23, 1987), Summit App. No. 12967, unreported, at 7, 1987 WL 17928.

 We also find there is substantial credible evidence to support the juvenile court's ruling that appellant constituted a danger to the safety of the community. The juvenile court was informed at the February 17, 1989 hearing that appellant was carrying a loaded gun at the time of his arrest. In addition, appellant was engaged in drug trafficking, an activity which, in itself, presents great danger to those who may consume the drugs sold, as well as to the community as a whole which is injured by illegal activity. Appellant's sole assignment is found not well taken.

We find that the defendant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and ABOOD, JJ., concur.

CLEVELAND POLICE PATROLMEN'S ASSOCIATION et al., Appellants,

v.

CITY OF CLEVELAND et al., Appellees.

[Cite as *Cleveland Police Patrolmen's Assn. v. Cleveland* (1990), 70 Ohio App.3d 157.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57618.

Decided Oct. 29, 1990.

*Patrick A. D'Angelo*, for appellants.

*Peter Kirsanow*, Assistant Director of Law, for appellees.

NAHRA, Judge.

Twelve officers of the Cleveland Police Department brought grievances through their bargaining unit, the Cleveland Police Patrolmen's Association, contesting transfers made within the police department. The arbitrator found for the association, and the city moved for vacation of the arbitrator's awards as to eight of the officers. The trial court vacated the awards, and the association appealed. For the reasons set forth below, we reverse the judgment of the trial court.

Pursuant to the collective bargaining agreement in effect between the city (together with the chief of police, appellees) and the Cleveland Police Patrolmen's Association (appellant), the Cleveland Police Department notified its officers when new positions became available in the Traffic Enforcement Unit. The agreement also required the city to make one-half of the assignments to

that unit from a list of officers who bid for the assignments, in order of their seniority. The city subsequently assigned thirteen officers into traffic enforcement, including the six most senior officers on the list. However, Officer Beaver, the most senior officer assigned from the list, lacked the requisite motorcycle license. Another one of the six assigned according to seniority, Officer Ziska, died after the assignment was made but before it became effective.

The seventh and eighth officers on the list, Rosen and Casey, were not assigned to traffic enforcement in place of Beaver and Ziska. They brought a grievance, claiming that the city violated Article XX of the collective bargaining agreement by failing to assign them to traffic enforcement. After a hearing, the arbitrator granted the grievance as to both Rosen and Casey, but the city transferred Rosen and not Casey to traffic enforcement. The association sought confirmation of the award pursuant to R.C. Chapter 2711. The city moved to vacate the arbitrator's award as to Casey only on the basis that the arbitrator exceeded his authority pursuant to R.C. 2711.10(D). The trial court granted the city's motion to vacate without explanation.

The trial court also vacated a separate arbitration award, granted by the same arbitrator, and based on the same provision of the collective bargaining agreement. Seven officers of the Cleveland Police Department who were involuntarily transferred from the Community Response Unit to districts brought grievances. They claimed that the transfers violated Article XX of the collective bargaining agreement, since the seven transferred out of the unit were senior to at least seven of the officers who remained in the unit. After a hearing, the arbitrator granted the grievances and awarded reinstatement to the seven officers. Appellant moved to confirm and the city moved to vacate the arbitrator's award. The city's motion to vacate was granted without explanation.

The Cleveland Police Patrolmen's Association brought this appeal, asserting the following assignment of error:

"The trial court erred in denying appellants' application to confirm arbitrator's award [*sic*] and erred in granting appellees' motion to vacate arbitrator's award [*sic*]."

Appellant applied to the trial court for confirmation of the arbitration awards pursuant to R.C. 2711.09, which provides in part that "the court shall grant such an order [confirming the award] and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." Appellee moved to vacate the awards pursuant to R.C. 2711.10(D), which provides that the court shall vacate an award if "[t]he arbitrators exceeded their powers, or so imperfectly

executed them, that a mutual, final, and definite award upon the subject matter submitted was not made."

In *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, the Ohio Supreme Court held in paragraphs one and two of the syllabus that:

"1. Given the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited.

"2. Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end."

The court explained in *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 98, 488 N.E.2d 872, 875 that "[a]n arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful."

The Ohio Supreme Court approved, applied and followed *Findlay, supra,* in *Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186. It held that "[w]hen a provision in a collective bargaining agreement is subject to more than one reasonable interpretation and the parties to the contract have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties thereto." *Hillsboro, supra, syllabus.*

The *Hillsboro* court determined that the arbitrator had applied the correct section of the collective bargaining agreement, and that the provision at issue was obviously subject to more than one interpretation. The court found that the arbitrator's award drew its essence from the collective bargaining agreement, and was not unlawful, arbitrary or capricious. The court held that the trial court and the appeals court erred by substituting their interpretations of the contract provision for that of the arbitrator, and reversed the vacation of the award as beyond the court's limited power to review arbitration awards. "This is so because the arbitrator's interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator's interpretation must prevail regardless of whether his or her interpretation is the most reasonable under the circumstances." *Id.,* 52 Ohio St.3d at 177–178, 556 N.E.2d at 1190. The court concluded that a

reviewing court must limit its inquiry into arbitration awards according to *Findlay,* and must uphold arbitration awards whenever possible.

In *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 15 OBR 90, 472 N.E.2d 740, this court emphasized the final and binding nature of arbitrators' decisions. It indicated that parties who submit controversies to binding arbitration must accept the result even if it is factually or legally wrong. See, also, *Cuyahoga Community College v. District 925, Serv. Emp. Internatl. Union, AFL–CIO* (1988), 42 Ohio App.3d 166, 537 N.E.2d 717.

The collective bargaining agreement at issue here provides that "all decisions of arbitrators shall be final, conclusive, and binding on the City, the CPPA, and the employees." The specific provision regarding transfers which was interpreted by the arbitrator reads in part as follows:

"(f) With respect to assignment and transfers other than basic patrol, the Chief of Police, or his designee, may transfer or assign patrol officers to one-half (½) of all such vacancies without regard to the following procedure. With respect to the other half of the vacancies, the Chief shall post a list of the minimum qualifications and objective criteria to be considered and required in filling the position. The officer with the most seniority who meets the minimum qualifications and objective criteria, as determined by the Chief of Police, will be given priority for the position."

The parties stipulated that the seven officers involuntarily transferred out of the Community Response Unit were senior to at least seven who remained in the unit. The arbitrator found, upon conflicting evidence, that although the unit was subdivided into specialized sections, officers in the unit could perform the duties of all of the subsections. The arbitrator concluded that, pursuant to Article XX, Paragraph 39(f), once a position can be obtained by seniority, that position retains the protection of seniority as to transfers. Otherwise, so long as the city initially awarded half of the available positions in a special unit based on seniority, it could thereafter involuntarily transfer senior individuals out of those positions at any time and for any reason or no reason. Such an interpretation would allow the city to effectively avoid the agreement. The arbitrator therefore concluded that seniority must apply to transfers out of a specialized unit.

Appellees claim that the arbitrator ignored express contractual provisions and created obligations not agreed to by the parties. They cite the case of *Graise v. Firestone Tire & Rubber Co.* (1979), 65 Ohio App.2d 119, 19 O.O.3d 71, 416 N.E.2d 633. The contract in *Graise* specifically provided that wrongfully discharged employees were entitled to reinstatement without a break in seniority and with back pay. The arbitrator determined that an employee's discharge was unjust and granted reinstatement without a break in seniority

but also without back pay. The award was vacated as beyond the arbitrator's authority since back pay was specifically required by the contract.

In the case *sub judice,* the arbitrator applied the correct provision of the collective bargaining agreement regarding transfers. This provision, Article XX, sets forth the specific procedure for transfers into specialized units according to seniority. Paragraph 38(e) provides further that officers are entitled to know the reason for an involuntary transfer. Paragraph 38(g) provides that layoffs are to be implemented according to seniority. Transfers out of specialized units are not otherwise specifically addressed. However, given the above provisions, we find that the arbitrator's interpretation of Article XX as entitling officers to be transferred out of specialized units according to seniority is reasonable. The arbitrator did not ignore specific contractual language contradicting this interpretation, which does not exist, but merely rendered his bargained-for interpretation.

The same analysis applies to Officer Casey's arbitration award. Casey was the eighth person on the seniority list for thirteen positions. Again, Article XX, Paragraph 38(f), regarding transfers is controlling. Since two officers senior to Casey were unqualified and unable to take the assignments, the arbitrator concluded that Casey was entitled to an assignment in the traffic enforcement unit.

The appellees argue that this decision violates express contractual language of Paragraph 38(f), which provides that "no arbitrator shall have power to substitute his or her judgment for the professional judgment of the Chief of Police as to whether the patrol officer has the qualities and performance level required for successful and efficient police work in a particular department assignment."

At the arbitration hearing, appellees did not contest appellant's assertions that two officers transferred from the seniority list could not take the assignments, and that Casey was qualified for the positions. Since qualifications were therefore not at issue, the above-quoted language of Paragraph 38(f) is inapplicable. The arbitrator's conclusion that Casey was entitled to the transfer was reasonable and drew its essence from the agreement.

Since we have determined that the arbitrator's awards draw their essence from the collective bargaining agreement and are not otherwise unlawful, arbitrary or capricious, our limited inquiry is at an end pursuant to *Findlay, supra.* Accordingly, we reverse the trial court's vacation of the arbitration awards and enter judgment confirming the awards pursuant to R.C. 2711.09.

*Judgment reversed.*

MATIA, P.J., and DYKE, J., concur.