JOURNAL ENTRY AND OPINION
The City of Cleveland, defendant-appellant (hereinafter "the City"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-365709, in which the trial court granted an application to modify the arbitration award, pursuant to R.C. 2711.11, filed by the Cleveland Police Patrolmen's Association, plaintiff-appellee (hereinafter "C.P.P.A."). The City assigns a single error for this court's review.
For the following reasons, the City's appeal is not well taken.
The City and the C.P.P.A. are parties to a collective bargaining agreement which provides for resolution of grievances through a four-step grievance procedure set forth in Article XXII of the agreement. The final stage of the grievance procedure is arbitration. The C.P.P.A. is the sole and exclusive bargaining agent with respect to wages, hours and other conditions of employment for all members of the Cleveland Police Department employed in the rank of patrol officer.
On October 31, 1996, Patrol Officer Sudy-Kelly received a "buck slip," the purpose of which is to notify an officer that certain complaints have been lodged against that officer. Apparently, an unidentified member of Cleveland Mayor Michael R. White's cabinet had complained that Officer Sudy-Kelly had been slow in responding to a traffic accident on the night of September 7, 1996, at the intersection of East 64th Street and Harvard Avenue in Cleveland, Ohio. Upon receipt of the complaint, Officer Sudy-Kelly sought assistance from her union representative who directed Sudy-Kelly not to respond to the complaint until such time as she received a copy of a 2096 complaint form from the department. A 2096 complaint form is used in cases where a citizen has filed a complaint against an officer. Article VIII, paragraph M of the collective bargaining agreement, which deals with citizen complaints, states:
 All complaints filed by a citizen against bargaining unit members shall be submitted by the complainant in his or her own handwriting and signed. When a complaint is filed more than six months after the date of the alleged event, and the complaint could not lead to a criminal charge, the accused bargaining unit member may be ordered to respond to the complaint and to the investigation, but shall not be subject to disciplinary action for that complaint. Copies of all such complaints shall immediately be provided to the bargaining unit member when the officer is asked to respond.
The C.P.P.A. then contacted the City to determine whether the unidentified cabinet member was going to complete a 2096 complaint form. The City responded that the unidentified cabinet member was not required to complete a citizen's complaint form as a cabinet member was not a "citizen" as contemplated under the collective bargaining agreement. The City maintained that the underlying investigation into the officer's conduct was not a "citizen's complaint," as argued by the C.P.P.A., but rather an administrative investigation for which no complaint form is required. The City responded further that it fully expected Officer Sudy-Kelly to respond to the outstanding complaint. In order to avoid a possible charge of insubordination, the union representative instructed Officer Sudy-Kelly to respond to the subject complaint. A subsequent investigation by the department resulted in a determination that the complaint against Officer Sudy-Kelly was unfounded and no disciplinary action was taken.
As a result of the City's actions, the C.P.P.A. filed a grievance in which it maintained that the City was in violation of the parties' collective bargaining agreement. The grievance stated:
 On November 1, 1996, P.O. Sudy-Kelly #1817, presently assigned to the 4th District Basic Patrol Section, was ordered to respond to a complaint without the benefit of a signed 2096 Form as required by contract. In addition, this action was taken regardless of the fact this issue was agreed and settled, by both the City and the Union, in grievances 39-94 and 31-96.
In the grievance and subsequent arbitration hearing, the C.P.P.A. challenged the City's order to Officer Sudy-Kelly to respond to an unsigned "citizen's complaint" lodged by an unidentified member of the mayor's cabinet in violation of Article VIII, paragraph M of the collective bargaining agreement. The City continued to maintain that the subject investigation was an administrative investigation and not a citizen complaint. The City also challenged the C.P.P.A.'s characterization of the unidentified complaining cabinet member as a citizen.
The C.P.P.A. grievance was denied at steps one through three of the grievance procedure. An arbitration hearing was conducted on May 8, 1998. At the arbitration hearing, the C.P.P.A. introduced evidence regarding the normal procedure for dealing with citizen complaints and subsequent investigations. The C.P.P.A. also provided a number of general police orders which identify citizen complaint procedures and investigations, all of which require the complainant to sign the complaint before the officer is required to respond. Lastly, the C.P.P.A. presented four prior grievances where the City had agreed to withdraw the underlying citizen complaints due to the fact that each complaint was not signed by the complainant, as required by the collective bargaining agreement. The City maintained its position throughout the hearing that cabinet members are not citizens and, therefore, any investigation initiated by a cabinet member is an administrative investigation rather than a citizen complaint.
The opinion and award of the arbitrator was issued on July 13, 1998. The arbitrator ruled as follows:
 1. A member of the Mayor's cabinet is a citizen and must complete and sign a Citizen's Complaint when filing charges against a C.P.P.A. bargaining unit member. An investigation of the charges cannot be concluded without a completed Citizen's Complaint on file.
 2. The City is not required to submit a copy of the Citizen's Complaint to the accused prior to filing formal charges. A written recitation of the facts to the accused is sufficient notice that a charge has been filed.
On September 22, 1998, the C.P.P.A. filed an application to modify the arbitrator's award with the Cuyahoga County Court of Common Pleas, pursuant to R.C. 2711.11. The C.P.P.A. requested that the trial court modify the arbitrator's award by striking the second paragraph of the arbitrator's decision on the basis that the issue decided was not raised at any time during the arbitration proceedings and the second paragraph of the award was in direct conflict with the clear and unambiguous language of Article VIII, paragraph M of the collective bargaining agreement.
On December 16, 1998, the trial court granted the application to modify filed by the C.P.P.A. The trial court determined:
 Filing date 12/16/98. This Court grants Plaintiff's Application to Modify Arbitration Award. This Court finds the Arbitrator impermissibly ruled on an issue not submitted for review and that ruling incorrectly interpreted Article VIII(M) of the Collective Bargaining Agreement. Accordingly, this Court strikes paragraph two of the Arbitrator's Award as improper.
It is from this order that the City now appeals.
The City's sole assignment of error on appeal states:
 I. THE COURT OF COMMON PLEAS HAD NO LEGITIMATE BASIS FOR MODIFYING THE ARBITRATOR'S AWARD UNDER OHIO REVISED CODE 2711.11.
The City argues, through its sole assignment of error, that the trial court improperly modified the decision and award of the arbitrator regarding the submission of a copy of the citizen's complaint to the accused officer prior to the filing of formal charges. Specifically, the City maintains that there was no basis for the modification of the award, pursuant to the factors set forth in R.C. 2711.11, in that (1) the award contained no miscalculation or material mistake; (2) the award was based upon matters which were submitted to the arbitrator during the hearing; and (3) the award was not imperfect in matter of form. The City maintains further that the disputed provision of the collective bargaining agreement is clearly subject to more than one reasonable interpretation; therefore, the arbitrator's interpretation must govern the rights of the parties in this matter. Finally, the City argues that the decision of the arbitrator must be upheld as there has been no evidence presented or allegations made that the arbitrator was in some way corrupt or committed a gross procedural impropriety.
It is well established that a common pleas court's review of an arbitration decision is quite narrow. Goodyear Tire Rubber Co.v. Local Union No. 200 (1975), 42 Ohio St.2d 516, 520,330 N.E.2d 703, 706; Huber Hts. v. Fraternal Order ofPolice (1991), 73 Ohio App.3d 68, 596 N.E.2d 571. The trial court may not review the merits of an arbitration and can set aside an arbitration award only if the party attempting to set aside the award is able to establish that the award is defective in a manner recognized by R.C. 2711. Motor Wheel Corp. v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 51, 647 N.E.2d 844,850, citing to Warren Edn. Assn. v. Warren City Bd. of Edn. (1985),18 Ohio St.3d 170, 480 N.E.2d 456. An arbitrator's award will not be reversed on appeal where the award in question draws its essence from the collective bargaining agreement and where the award is not arbitrary, capricious or unlawful.Mahoning Cty. Bd. of Mental Retardation v. Mahoning Ctry. TMR Assn.
(1986), 22 Ohio St.3d 80, 488 N.E.2d 872. This was the standard this court previously followed in PolicePatrolman's Assn. v. Cleveland (1990), 70 Ohio App.3d 157,160, 590 N.E.2d 842, 845. The Ohio Supreme Court also applied the abuse of discretion standard in Goodyear Tire RubberCo. v. Local Union No. 200 (1975), 42 Ohio St.2d 516,520, 330 N.E.2d 703, 706. Accordingly, this court finds that the abuse of discretion standard shall be applied to the review of a trial court's decision regarding a motion to modify an award of an arbitrator. See Garfield HeightsFirefighters v. City of Garfield Heights (Dec. 5, 1996), Cuyahoga App. No. 69652, unreported.
R.C. 2711.11 permits a court to modify an arbitrator's award on the following grounds:
 In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
 (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
 (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
 (C) The award is imperfect in matter of form not affecting the merits of the controversy.
 The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
In State Farm Mut. Inc. Co. v. Blevins (1990), 49 Ohio St.3d 165,551 N.E.2d 955, the Ohio Supreme Court stated in paragraph one of its syllabus:
 1. An arbitrator's powers are set by the agreement from which he draws his authority. The arbitrator has no authority to decide issues which, under the agreement, the parties did not submit to review.
Similarly, in Ohio Office of Collective Bargaining v. Ohio CivilService Employees Assn., Local 11, AFSCME, AFL-CIO. (1991),59 Ohio St.3d 177, 572 N.E.2d 71, the Ohio Supreme Court, in considering the powers of an arbitrator, stated in its syllabus:
 An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot rationally be derived from the terms of the agreement.
The Supreme Court further explained its holding stating:
 * * * we recognize his powers are not unlimited in the resolution of labor disputes, "the arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." Detroit Coil Co. v. Internatl. Assn. of Machinists Aerospace Workers, Lodge No. 82 (C.A.6, 1979). 594 F.2d 575, 579.
Id. at 180, 572 N.E.2d 71, 74; see, also, Garfield HeightsFirefighters v. City of Garfield Heights (Dec. 5, 1996), Cuyahoga App. No. 69652, unreported. (J. O'Donnell dissenting.)
In the case herein, a review of the record demonstrates that the trial court properly modified the arbitrator's award by striking the second paragraph of the decision. Clearly, the issue of whether the City is required to submit a copy of the citizen's complaint to the accused, prior to the filing of formal charges, was not an issue submitted to the arbitrator in this case. The sole issue submitted for arbitration was whether a member of the mayor's cabinet is a citizen under the provisions of the collective bargaining agreement and whether that cabinet member must then complete and sign a citizen's complaint against an officer. A review of the arbitration proceedings supports this assertion. Officer Robert Beck, who testified on behalf of the C.P.P.A., stated as follows:
 We believe that the Cabinet members who are not in the performance of official duty in the daytime are citizens just like the rest of us.
 We believe if they want to make a complaint against a police officer they are subject to the same internal rules that we developed in our contractual agreement with the City. They should identify themselves and sign-off on the complaint.
 I would do it if I'm off duty, even though I'm by the book of rules bound by 24 hours of disciplinary charge.
 If I want to make a complaint against somebody, I would have to put it in writing, identify myself, sign it, make that complaint, and it would lend credibility to my complaint if I'm truly complaining against a police officer.
(T. 57-58.) Officer Beck's testimony accurately summarizes the position of the C.P.P.A. during the arbitration hearing. Similarly, counsel for the City argued to the contrary that:
 They saw something they felt was improper. They requested an investigation to be held. It was held following a review of the investigation by the Lieutenant, Commander, and Deputy Chief. It was found to be unfounded and the matter was resolved. This is not a citizen complaint.
Accordingly, a review of the arbitration proceedings demonstrates that the question of whether a member of the mayor's cabinet is a citizen for purposes of filing a complaint against a patrol officer was the sole issue submitted and argued by the C.P.P.A., as well as by the City, during the arbitration of this matter.
More importantly, the arbitrator's finding that: "The City is not required to submit a copy of the Citizen's Complaint to the accused prior to filing formal charges. A written recitation of the facts to the accused is sufficient notice that a charge has been filed.", is in direct conflict with Article VIII, paragraph M of the collective bargaining agreement which requires all complaints filed by a citizen against a bargaining unit member to be submitted by the complainant in his or her own handwriting and signed. Article VIII, paragraph M provides further that copies of all such complaints must be immediately provided to the bargaining unit member when the officer is asked to respond. As previously stated, an arbitrator is without authority to modify or disregard plain and unambiguous provisions of the collective bargaining agreement. See Ohio Office of Collective Bargaining v.Ohio Civil Service Employees Assn., Local 11, AFSCME-AFL-CIO
(1991), 59 Ohio St.3d 177, 180, 572 N.E.2d 71, 74. Contrary to the City's assertion, Article VIII, paragraph M of the collective bargaining agreement is not subject to more than one reasonable interpretation. For the foregoing reasons, it is apparent from the record below that the trial court properly modified the award of the arbitrator in this instance.
The City's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ MICHAEL J. CORRIGAN JUDGE
 TERRENCE O'DONNELL. P.J.,. and JAMES D. SWEENEY. J., CONCUR.