HUFFMAN, APPELLEE, ET AL., *v.* VALLETTO ET AL., APPELLANTS.

(No. 47071—Decided February 27, 1984.)

*Ms. Engeline H. Koepper* and *Mr. L. Edward York,* for appellee.
*Mr. Thomas Schick,* for appellants.

MARKUS, J. Anthony Valletto and his employer appeal from a summary judgment dismissal of their contribution claim against Ethel Huffman. They sought to recover part of their settlement payment to Lucille McCrary for her injuries in a collision between defendants' van and Huffman's car. Defendants complain that the trial court refused to enter judgment on a binding arbitration award, set aside that award, and granted a contrary summary judgment. We agree with defendants' arguments and reverse.

Ethel Huffman (driver) and Lucille McCrary (her passenger) sued Valletto and his employer for personal injuries. The defendants counterclaimed against Ethel Huffman for contribution as a joint tortfeasor for any damages awarded Lucille McCrary. The parties negotiated a settlement of the two plaintiffs' claims with an agreement to submit defendants' counterclaim for contribution to binding arbitration. Counsel for all parties and the trial judge signed a confirming stipulation for dismissal and judgment:

"We, the attorneys for the respective parties, do hereby stipulate Complaint settled and Dismissed at defendant's [*sic*] costs with prejudice. Counterclaim referred to Binding arbitration and that the Court may enter an order accordingly * * *."

The trial judge then executed a journal entry showing that the "Complaint only" was settled and dismissed at defendants' costs. The judge also executed the court's standard arbitration referral form with notations: "BINDING ARBITRATION — COUNTERCLAIM ONLY" and "Complaint settled [with date]." The printed language on the arbitration referral form also states:

"Counsel have been advised of the contents of this entry."

Pursuant to Cuyahoga County Common Pleas Court Local Rule 29, the arbitrators conducted their hearing and filed their "Report and Award" with the court. They awarded defendants $3,500 against Ethel Huffman as contribution, which was the entire settlement defendants had paid to Lucille McCrary. The

arbitrators also sent a letter to the court and counsel, advising that they had not considered whether the contribution statute barred defendants' claim. See R.C. 2307.31(B).

Defendants moved for judgment on the arbitrators' award. Instead, the court directed the arbitrators by a letter to the panel chairman to complete their hearing and submit an amended award:

"I am going to ask you to recall your arbitration panelists to hear the contribution issue and submit [an] amended judgment so that each side has a right of appeal."

Nothing in the record reflects agreement by either party that the arbitration process would no longer be binding. The court executed a second arbitration referral:

"Motion for judgment on Award of Arbitrators denied. Arbitrators are directed to complete their hearing and submit an Amended Award."

The arbitrators conducted a second arbitration hearing and filed their second award and report which was identical to their first. The arbitrators sent the court and counsel another letter in which they advised that they found the statutory bar to contribution inapplicable. Defendants moved for judgment on the second award. The trial court denied that motion. On motion by Ethel Huffman, the court granted her summary judgment and dismissed defendants' contribution claim.

Defendants present seven interrelated assignments of error.[1] We will consider them together.

Quite clearly, the contribution statute barred defendants' contribution claim against Ethel Huffman, since defendants' settlement with Lucille McCrary did not purport to release Ethel Huffman. R.C. 2307.31(B) states:

"A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement * * *."

Defendants forfeited any right to contribution by entering into that settlement. The fact that the statute of limitations later ran on McCrary's claim against Huffman was irrelevant. If the procedural circumstances had been different, the trial court's summary judgment would have been proper.[2]

---

[1] Defendants assign the following errors:

"1. The Trial Court erred in failing to confirm and enter judgment on the Award of the Arbitrators, filed on May 21, 1982.

"2. The Trial Court erred in failing to confirm and enter judgment on the Amended Award of the Arbitrators, filed on September 21, 1982.

"3. The Trial Court erred in failing to enforce the parties' agreement for binding arbitration, set forth in the parties' written Stipulation, and in the Court's Judgment Entry of November 17, 1981.

"4. The Trial Court erred in granting the plaintiff, Ethel Huffman, a trial de novo on the defendants' Counterclaim, contrary to the written Stipulation of the parties to submit the defendants' Counterclaim to binding arbitration, and the Court's Judgment Entry of November 17, 1981, ordering binding arbitration of the defendants' Counterclaim.

"5. The Trial Court erred in granting the Motion of the plaintiff, Ethel Huffman, to reinstate her Motion for Summary Judgment, which had not been timely filed.

"6. The Trial Court erred in granting the plaintiff's Motion for Summary Judgment, and in dismissing the defendants' Counterclaim.

"7. The Trial Court erred in overruling defendants' Motion to Set Aside Stipulation for Dismissal and Judgment Entry of November 17, 1981."

[2] Defendants opposed Huffman's summary judgment motion with an affidavit from a claims agent who participated in the Huffman and McCrary settlement negotiations. Defense counsel argues that Huffman's counsel waived the statutory bar for contribution as part of those settlement terms. We do not find such a waiver in the described affidavit; however, evidence of such a waiver might account for the arbitrators' decisions.

However, the court submitted the counterclaim to binding arbitration pursuant to an agreement by the parties. Local Rule 29, Part IV(B), of the Cuyahoga County Court of Common Pleas, General Division, provides:

"The report and award, unless appealed from as herein provided, shall be final and shall have the attributes and legal effect of a verdict."

Without a proper appeal from such an arbitration award, the trial court must enter judgment on the award and cannot order a trial de novo. *Salman* v. *Adkins* (May 7, 1981), Cuyahoga App. No. 43211, unreported, at 3-5.

The agreement to submit the case to "binding" arbitration meant:

"* * * [B]oth parties agreed that they would abide by the decision rendered by the board of arbitrators and that the losing party would not seek a trial de novo in the Common Pleas Court, even though Rule 29 allows for one." *Fortelka* v. *Callback Co.* (Mar. 18, 1976), Cuyahoga App. No. 34554, unreported, at 4. See, also, *Collier* v. *Dural Beauty Salon* (Dec. 7, 1978), Cuyahoga App. No. 37971, unreported.

The stipulation signed by all counsel and the trial judge and the resulting journal entry referred the matter to binding arbitration. They constitute undisputed evidence of an agreement to waive appeal or a trial de novo. Cf. *Miner* v. *Sherwin Williams Co.* (Oct. 11, 1979), Cuyahoga App. No. 39434, unreported .

Ordinarily, the first award by the arbitration panel would have been final. However, the arbitrators reported that they chose not to consider a critical issue — the effect of the contribution statute. The court may have authority to vacate and refuse enforcement for any binding non-appealable arbitration award in that situation. R.C. 2711.10(D). Therefore, the court properly directed the arbitrators to resume arbitration to resolve the remaining issue.

When the court returned the issues to the arbitrators, it had no authority to change the arbitration terms without the consent of both parties. Therefore, the second submission still called for binding, non-appealable arbitration, regardless of the court's letter which purportedly authorized an appeal by either party. When the arbitrators considered all the issues and rendered their second award, the court was obliged to enter judgment accordingly, despite the arbitrators' legal error.

That result may seem inequitable, but any different result would destroy the integrity of binding arbitration. When disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 520 [71 O.O.2d 509]; *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 102-103. If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. Binding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties. R.C. 2711.10.

Therefore, the court should have entered judgment confirming the second arbitration award. R.C. 2711.09. Defendants' first and seventh assigned errors are overruled. Their remaining claimed errors have merit. Rather than reversing and remanding the case, we enter the judgment that the trial court should have entered. See App. R. 12(B). Judgment is entered for defendants, Anthony Valletto and Orlando Baking Company, on their counterclaim against Ethel Huffman in the sum of $3,500 and costs.

*Judgment accordingly.*

DAY, C.J., and NAHRA, J., concur.