CUYAHOGA COMMUNITY COLLEGE, APPELLEE, *v.* DISTRICT 925, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, APPELLANT.

(No. 55585 — Decided
December 12, 1988.)

*Anthony J. Celebrezze, Jr.,* attorney general, *Duvin, Cahn & Barnard* and *Frank W. Buck,* special counsel, for appellee.

*Gregory J. Lavelle,* for appellant.

*Per Curiam.* The defendant-appellant, District 925, Service Employees International Union, AFL-CIO ("District 925"), is appealing the trial court's granting of summary judgment in favor of Cuyahoga Community College ("the college") on its motion for an order vacating, modifying or correcting an arbitration award rendered in favor of District 925. This appeal also contests the trial court's denial of District 925's motion for summary judgment whereby the appellant sought to confirm the earlier arbitration award.

This case commenced on May 3, 1985, when Cuyahoga Community College filed an action in the Cuyahoga County Court of Common Pleas seeking to vacate, modify or correct a binding arbitration decision in favor of District 925. The arbitrator had issued the decision on March 15, 1985, pursuant to a grievance between District 925 and the college.

Before the common pleas court, both parties filed cross-motions for summary judgment. In a decision filed March 30, 1988, the court, with no explanation, granted the college's motion and denied the motion of District 925.

On April 20, 1988, District 925 filed a timely notice of appeal wherein the appellant requested assignment to the accelerated calendar. See App. R. 11.1 and Local App. R. 25. The appellant now brings four assignments of error:

"I. The court erred by vacating an arbitration award because the arbitrator commented on a previous decision.

"II. The trial court erred by failing to find that CCC had waived its right to appeal arbitration decisions.

"III. The trial court erred by failing to specify the relief granted and by failing to enter judgment on the award.

"IV. The court erred by failing to confirm the award of arbitrator Duda and failing to enter judgment thereupon."

I

In its second and fourth assignments of error, District 925 challenges the authority of the common pleas court to review the arbitrator's decision of March 15, 1985. By that decision, the arbitrator overturned the college's decision to hire Elaine Blanchard as a Student Advisor I and directed that the college instead hire grievant Catherine H. Osko for the position in view of her senior status and qualifications, which the arbitrator determined to be substantially equal to those of Blanchard. The arbitrator determined this award under the terms of the collective bargaining agreement approved by the union membership and by the board of trustees of the college.

Article XIX of the collective bargaining agreement addresses the grievance procedure agreed to by the parties:

"SECTION 5. The Grievance Procedure set forth herein shall be the exclusive method of reviewing and settling grievances between the College and the Union and/or between the College and an employee(s) and by this procedure the Union waives the right to litigate or resolve such grievances in any other forum or by any other procedure. *All decisions of arbitrators* and all pre-arbitration grievance settlements reached by the Union and the College *shall be final, conclusive, and binding on the College, the Union, and the employees.*"

Osko's grievance arose when, after a selection procedure involving nine individuals, Blanchard was awarded the new position of Foreign Student Officer for the metropolitan campus of the college, effective April 23, 1984. The new position was classified as a Student Advisor I, grade 8 position.

Blanchard, a college graduate, had worked for the college for three and a half years. Osko, the grievant, had been an employee of the college for almost eighteen years. She was not a college graduate, but she had temporarily filled the position pending the official award of the position to one of the candidates.

On April 9, 1984, Osko was informed that she had not received the position she sought. Subsequently, she filed a grievance wherein she sought appointment to the position of Foreign Student Officer and back pay at grade 8, step 3.5, retroactive to July 1, 1983, when she had commenced to temporarily fill the position she sought.

On May 21, 1984, the grievance was denied by Keith Miles, Director of Admissions and Records. The Campus Provost affirmed the denial on June 6, 1984, as did the college's Manager of Employee Relations on July 3, 1984.

The parties submitted the matter to binding arbitration pursuant to their collective bargaining agreement. See Section 5, Article XIX, *supra.* Following a hearing on the matter, the arbitrator, Nicholas Duda, Jr., issued his opinion and award on March 15, 1985. The arbitrator sustained Osko's grievance, finding:

"1) The College determination that Ms. Blanchard is most qualified for the subject job was unsupported by the evidence and unreasonable, arbitrary, capricious and discriminatory; and,

"2) that the Grievant's qualifications for the subject job are at least substantially equal to those of Ms. Blanchard."

The arbitrator directed the college to award the Student Advisor I position to the grievant, retroactive to April 23, 1984, and to make the grievant whole, retroactive to April 1, 1984, for the difference in wages and benefits she would have received had she originally been awarded the position.

On May 3, 1985, the college moved the court of common pleas for an order vacating, modifying or correcting the arbitration award. The college claimed that the arbitrator had exceeded his power and authority, particularly in view of the fact that his decision was contrary to the conclusion of another arbitrator in a similar case involving the same parties. In its complaint, the college alleged that the arbitrator's opinion and award were "unlawful, unreasonable, and based on gross mistake of fact and law." Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of the college.

Claiming that the arbitrator exceeded his authority, the college founded its claimed entitlement to judicial review of the contested binding arbitration award on R.C. 2711.10 and *Goodyear Tire & Rubber Co.* v. *Local Union No. 200* (1975), 42 Ohio St. 2d

516, 71 O.O. 2d 509, 330 N.E. 2d 703. In *Goodyear,* the Ohio Supreme Court explained, at paragraph two of the syllabus:

"R.C. 2711.10 limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority."

More recently, the Supreme Court has assessed the effect of binding arbitration in *Mahoning Cty. Bd. of Mental Retardation* v. *Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St. 3d 80, 22 OBR 95, 488 N.E. 2d 872. In *TMR,* the Supreme Court overruled the trial court and the court of appeals and reinstated a binding arbitration award in a matter with facts analogous to those in the instant case.

The issue before the court in *TMR* was whether the arbitrator had exceeded his authority when he ordered the board of mental retardation ("the board") to grant the grievant her earlier denied request to be transferred to another position for which a vacancy had been announced. The collective bargaining agreement between the parties provided that board employees could bid on announced vacancies and that when the qualifications of two or more candidates were deemed equal, preference would be given to the employee with greater seniority.

On review of the binding arbitration award, the court of common pleas vacated the award, finding that the arbitrator had exceeded his authority and that R.C. 5126.06 makes personnel decisions solely the function of management. The court of appeals affirmed.

On review, the Ohio Supreme Court reversed, stating: "The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award." *TMR, supra,* at 83-84, 22 OBR at 98, 488 N.E. 2d at 875. Reinstating the ar-

bitrator's binding arbitration award, the court quoted *Goodyear, supra,* stating that to find otherwise " 'would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.' " *Id.* at 84, 22 OBR at 98-99, 488 N.E. 2d at 876. See, also, *Campbell* v. *Automatic Die & Products Co.* (1954), 162 Ohio St. 321, 329, 55 O.O. 195, 198, 123 N.E. 2d 401, 405.

In *Goodyear,* the court held that an inference that an arbitrator may have exceeded his authority is not a reason for vacating an arbitration award when the award draws its essence from a collective bargaining agreement. *Goodyear, supra,* at paragraph one of the syllabus (following *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.* [1960], 363 U.S. 593).

Thereafter, in 1986, the court further explained its position and held that "[a]n arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." *TMR, supra,* at paragraph one of the syllabus.

In *Huffman* v. *Valletto* (1984), 15 Ohio App. 3d 61, 15 OBR 90, 472 N.E. 2d 740, this court addressed the effect of binding arbitration. We found:

"* * * When disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. [Citations omitted.] If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. *Binding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties.* * * *" (Em-

phasis added.) *Id.* at 63, 15 OBR at 92, 472 N.E. 2d at 743 (citing *Goodyear, supra,* at 520, 71 O.O. 2d at 511, 330 N.E. 2d at 706; *Lockhart* v. *American Res. Ins. Co.* [1981], 2 Ohio App. 3d 99, 102-103, 2 OBR 112, 116, 440 N.E. 2d 1210, 1214-1215).

In the instant case, pursuant to the terms of their collective bargaining agreement, the parties submitted their case to binding arbitration, thereby waiving judicial review of the matter, except for a very narrow determination: whether there is a rational nexus between the collective bargaining agreement and the award, and whether the arbitrator was corrupt or committed gross procedural improprieties. See *TMR, supra; Valletto, supra.*

In this case, we find that the trial court exceeded the scope of its authority to review a matter submitted to binding arbitration when the court granted summary judgment in favor of the college.

The parties' collective bargaining agreement required that seniority be the determining consideration for selecting a candidate for a position when the qualifications of the candidates are substantially equal. The qualifications for the position sought by Blanchard and the grievant, Osko, as set forth by the college, were never stated to include a college degree. Accordingly, following a full hearing on the matter, the arbitrator in this case determined that the qualifications of Blanchard and Osko for the contested Foreign Student Officer position were substantially equal. On this determination, the arbitrator found that the terms of the parties' collective bargaining agreement required that the position be given to Osko based on her seniority.

We find that there is a rational nexus between the parties' collective bargaining agreement and the binding arbitration award. Furthermore, we find that the record fails to establish a genuine issue as to whether the arbitrator was corrupt or committed gross procedural improprieties.

Accordingly, we sustain the appellant's second and fourth assignments of error, finding that, as a matter of law, District 925 is entitled to affirmance of the arbitration award rendered in its favor.

II

As to the appellant's first assignment of error, we find no merit. The trial court did not issue findings of fact and conclusions of law in this case. The court's entry offers no explanation as to why it granted summary judgment in favor of the college on the arbitration award; none will be implied to support the appellant's claim of error in the court's rationale.

In its third assignment of error, the appellant claims that the trial court erred under R.C. 2711.12 in failing to enter a judgment on the arbitration award. In view of our determination as to the appellant's second and fourth assignments of error, this assignment of error is moot.

The trial court's entry of summary judgment in favor of the college is reversed. Accordingly, we reverse the trial court's denial of the motion for summary judgment of District 925, thereby affirming the binding arbitration award made pursuant to the terms of the parties' collective bargaining agreement.

*Judgment reversed.*

JOHN V. CORRIGAN, PRYATEL and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.