**BROWN, Guardian, etc., Appellee,**

v.

**AMERITRUST COMPANY, N.A., Appellant.**

[Cite as *Brown v. AmeriTrust Co.* (1989), 63 Ohio App.3d 130.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56316.

Decided April 27, 1989.

*Jimmie Mack, Jr.,* for appellee.

*Edmund W. Rothschild,* for appellant.

*Forrest F. Stanley,* for AmeriTrust Company.

*Per Curiam.*

Plaintiff Mary E. Brown as Guardian of Sampson Shaw, a mentally incompetent person, filed a complaint in Cuyahoga County Common Pleas Court, case number 98873, against defendant AmeriTrust Company. Plaintiff's complaint alleged, *inter alia,* defendant negligently permitted someone other than the plaintiff to cash a $10,000 paid on delivery ("P.O.D."), money market certificate which Shaw deposited with defendant in 1983 while mentally competent. Defendant filed a counterclaim for interpleader stating the $10,000 P.O.D. certificate was paid to Leona Butler as an assignee of the certificate who subsequently deposited the funds with defendant. AmeriTrust prayed for an adjudication as to whether plaintiff or Butler was entitled to the funds and to discharge defendant of any liability.

Plaintiff amended her complaint to include Leona Butler as a defendant. Butler filed a counterclaim against plaintiff alleging she gave $10,000 to her brother Sampson Shaw in 1983 for investing and safekeeping. Butler also alleged Shaw deposited the $10,000 into the P.O.D. certificate in his name only and failed to indicate Butler's interest in the certificate. Finally, Butler alleged Shaw assigned the P.O.D. certificate to her and that she is the owner of the certificate. On July 8, 1986 the trial court ordered AmeriTrust to hold the funds at issue in an account pending resolution of this matter.

On June 29, 1987 the trial court granted AmeriTrust's motion for summary judgment on its counterclaim for interpleader. On August 26, 1987, the case *sub judice* was referred to arbitration pursuant to Loc.R. 29.

The arbitration report and award was filed on December 4, 1987. The arbitrators found as follows:

"We find that plaintiff has not met the burden of proof on her Complaint, and we further find for Defendant on the Counterclaim as to the issue of her being owner of the P.O.D. Money Market Certificate."

Plaintiff filed her notice of appeal de novo on December 29, 1987. Attached to plaintiff's notice of appeal was an affidavit of plaintiff's counsel which stated as follows:

"JIMMIE MACK, JR., ESQUIRE, being first duly sworn according to law, deposes and says that he is the attorney for Plaintiff; that the Plaintiff is not appealing for reasons of delay, but because she feels an injustice has been done."

Defendant Butler filed a motion to dismiss plaintiff's appeal de novo and for judgment on the arbitration award. Defendant contends plaintiff did not comply with Loc.R. 29, Part VI(A)(1)(a), since plaintiff did not serve defendant with the notice of appeal de novo and did not properly execute the affidavit

for appeal as required by Loc.R. 29. On June 15, 1988 the trial court overruled defendant's motion to dismiss plaintiff's appeal de novo.

After a two-day trial before the court, the trial court entered judgment for plaintiff on August 2, 1988. Defendant filed a timely notice of appeal assigning one error. Defendant's sole assignment of error follows:

"The trial court erred in overruling the motion to dismiss appeal de novo and for judgment on the award of the arbitrators filed by new defendant-third party defendant, Leona Butler."

Defendant's assignment lacks merit.

■ Defendant contends the trial court erred when it overruled her motion to dismiss plaintiff's appeal de novo for two reasons, *viz:* (1) plaintiff did not comply with Loc.R. 29, Part VI, when she failed to serve defendant with a copy of the notice of appeal within thirty days after the arbitration award; and (2) plaintiff was not the affiant of the affidavit filed with the notice as required by the local rule. Defendant's contention is unpersuasive.

■ Loc.R. 29, Part VI(A)(1)(a), of the Court of Common Pleas of Cuyahoga County, General Division, provides in relevant part as follows:

"PART VI. Right of Appeal De Novo

"(A) Any party may appeal from the action of the Board of Arbitration to the Common Pleas Court of Cuyahoga County. No appeal can be withdrawn without consent of all parties. The filing of a single appeal shall be sufficient to require a de novo trial of the entire case on all issues and as to all parties without the necessity of each party filing a separate appeal de novo. The right of appeal shall be subject to the following conditions, all of which *shall be complied with within thirty (30) days after the entry of the award of the Board.*

"NOTICE OF APPEAL AND COSTS

"(1)(a) A notice of appeal de novo, *together with an affidavit that the appeal is not taken for delay but upon the belief an injustice has been done,* shall be *filed by the appellant* in the office of the Arbitration Commissioner acting for the Clerk of Courts. * * * *" (Emphasis added.)

Unless a proper appeal is taken under Loc.R. 29 from an arbitration award, the award shall be final and the trial court must enter judgment on the award. *Huffman v. Valletto* (1984), 15 Ohio App.3d 61, 63, 15 O.B.R. 90, 92, 472 N.E.2d 740, 742; *Kicen v. Proficient Industries, Inc.* (May 5, 1988), Cuyahoga App. No. 53159, unreported, 1988 WL 43295.

Nothing in Loc.R. 29, Part VI, requires a party to serve a copy of the notice of appeal de novo on an opposing party within thirty days after the arbitration award in order to perfect an appeal de novo.

The jurisdictional requirements of Loc.R. 29, Part VI(A)(1)(a) are the filing of (1) notice of appeal de novo and (2) an affidavit. The rule does not mention service to be completed within thirty days.

It should be noted the certificate of service accompanying the appeal de novo indicates a true copy of the foregoing notice of appeal de novo was sent to both attorneys, Rothschild for Butler and Stanley for Ameritrust Co., N.A. on the twenty-ninth day of December, 1987.[1] On its face, service was perfected and defendant has shown no prejudice. Thus, whether plaintiff served defendant with a copy of the notice of appeal de novo within thirty days after the arbitration award is immaterial in determining if plaintiff filed a timely notice of appeal de novo. In the case *sub judice,* the arbitration award was entered on December 4, 1987 and plaintiff filed her appeal de novo along with an affidavit on December 29, 1987. Plaintiff filed her appeal de novo within the thirty-day period set by Loc.R. 29, Part VI.

Defendant also argues since Loc.R. 29, Part VI, mandates an affidavit by the party be attached to an appeal de novo, and since plaintiff was not the affiant of the affidavit, plaintiff failed to file a valid appeal de novo. Civ.R. 11 provides in relevant part as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney * * *.   * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief *there is good ground to support it; and that it is not interposed for delay.   * * *"* (Emphasis added.)

Civ.R. 11 is analogous to Loc.R. 29, Part VI(A)(1)(a)'s requirement of an affidavit to show the appeal de novo is "not taken for delay but because he believes an injustice has been done." Both rules seek to prevent meritless filings which are made solely for delay.

If the signature of a party's attorney is sufficient to meet the goal of Civ.R. 11, it does not follow that the affidavit required by Loc.R. 29, Part VI, must be personally made by a party. Moreover, an attorney is in a better position to determine, in light of the facts and law of a case, whether an injustice has

---

1. Although attorney Rothschild states in an affidavit the letter of transmittal was dated January 7, 1988 and he did not receive the notice of appeal de novo until January 8, 1988, attorney Mack states in his contra affidavit, he sent the notice of appeal de novo on December 29, 1987 as indicated in the certificate of service and the letter was not returned to him as not delivered. He further states he then mailed, pursuant to a phone call from Rothschild, a second notice of appeal de novo on January 7, 1988.

been done by the arbitration award. Consequently, there is no reason for Loc.R. 29, Part VI, to require a party to personally make an affidavit since plaintiff's counsel's affidavit was sufficient to meet the spirit and purpose of the local rule. Furthermore, "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies. Civ.R. 1(B) requires that the Civil Rules shall be applied 'to effect just results.' Pleadings are simply an end to that objective." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 269, 297 N.E.2d 113, 122.

In the case *sub judice,* the trial court allowed plaintiff's appeal de novo from the arbitration award and the case proceeded to a two-day bench trial on the merits. Clearly, the civil rules, as well as local rules, must be applied to effect just results. A trial on the merits was a just result of the case *sub judice.*

The trial court did not err when it overruled defendant's motion to dismiss plaintiff's appeal de novo. Accordingly, defendant's sole assignment of error is not well-taken and is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, P.J., MATIA and NAHRA, JJ., concur.