JOURNAL ENTRY AND OPINION
Appellant City of Cleveland appeals from the judgment of the trial court denying the City's application to vacate an arbitrator's award in favor of a Cleveland Police Officer, represented by appellee Fraternal Order of Police, Lodge No. 8 ("F.O.P."), and arising out of a grievance over Hazardous Duty Injury. The City contends the arbitrator exceeded her authority by departing from the essence of the collective bargaining agreement. We find no error and affirm.
Sgt. Philip Lowry of the City of Cleveland Police Department began his employment with the City of Cleveland as a patrol officer in June 1981. He had multiple on-duty injuries to his back while on active duty. He was always given Hazardous Duty Injury leave when an on-duty back injury occurred, or when he aggravated a previous back injury while on duty. However, in November 1996, he was denied Hazardous Duty Injury leave after he aggravated a previous back injury on November 17, 1996, while shoveling snow and carrying wood at home. Sgt. Lowry remained off work until December 3, 1996.
On November 19, 1996, Sgt. Lowry, through the F.O.P., submitted a grievance alleging the City was improperly forcing him to utilize his accumulated sick time benefits for his aggravated back. His grievance claimed that this back pain was a continuation of a recurring preexisting back injury he had suffered on the job which was aggravated by his off-duty activities. He sought coverage under the Hazardous Duty Injury pay provisions set forth in Article XIX of the collective bargaining agreement between the City and the F.O.P.
The City contends that active police duty is defined in Article XIX as duty involving "apprehension of suspects, active participation in the prevention of crimes and pursuit of suspects." Therefore, because Sgt. Lowry's aggravation did not occur while on active duty, he is not entitled to the limited "Hazardous Duty Injury" benefits.
Article XIX of the collective bargaining agreement (CBA) between the City and the F.O.P., entitled "Hazardous Duty Injury," states in pertinent part:
 The policy of the Division of Police, Department of Public Safety, City of Cleveland regarding Hazardous Duty Injury is as follows:
 (a) Because of the hazardous nature of active police duty, days lost by an officer herein defined, due to a hazardous duty injury, shall not affect normal bi-weekly salary, accumulated sick time, holiday, accumulated overtime, accumulated furlough time, and vacation days. Nor shall an officer be deprived of any other benefit because of hazardous duty injury so determined by the Safety Director and confirmed by the Medical Director and/or the officer's private physician and any time lost due to such an injury shall not affect the formula for sick leave conversion at the time of retirement.
 (b) "Hazardous duty injury" is defined as injury resulting from active police duty, either on or off regular hours of duty, such duty including but not limited to apprehension or attempted apprehension of suspects, active participation in the prevention of crimes, and pursuit of suspects. Employees injured while performing work in the service of another employer are not eligible for hazardous duty pay and benefits.
* * *
 (e) Any dispute arising out of the interpretation or application of this policy is subject to the Grievance Procedure.
* * *
After Sgt. Lowry's claim was disallowed, the matter was submitted to arbitration. The arbitrator concluded in her award issued April 13, 1998, as follows:
 Neither the medical history nor the prognosis for the physical recovery of the grievant is in dispute in this matter now pending. The grievant has suffered recurrent low back pain since his first on duty injury in March, 1982, while chasing a suspect. Because of the significant back problems associated with this injury, the grievant underwent a CAT scan in August, 1983 which indicated concentric bulging of the disc spaces and [sic] an herniated disc. Subsequent injuries to his back aggravated the condition of the grievant, resulting in severe lumbrosacral pain and radiculitis. Additional diagnostic testing in April, 1987 indicated a postero lateral disc herniation with disc bulging. Then, in August, 1995 following testing that revealed disc degeneration, nerve root compression as well as disc herniation, the grievant underwent a lumbar laminectomy with discectomies. At that time the treating physician expressed the opinion that the "symptoms of low back pain and radiating leg pain are causally related to his multiple low back injuries incurred at work." The City does not herein contest the assessments of the attending physician nor the "permanent partial disability" of the grievant granted by the Bureau of Workmen's Compensation. The prognosis for the grievant including episodic disabling low back pain caused by structural damage is not challenged by the City. Indeed, the Medical Director for the City concurs that the back injury sustained by the grievant in 1982 will continue to intermittently occasion incapacitating pain.
(Award at 10-11).
The arbitrator sustained the grievance and ordered that Sgt. Lowry "is entitled to HDI status for absences resulting from episodic pain associated with the earlier on duty injury." On July 13, 1998, the City filed an application to vacate the arbitration award in the Cuyahoga County Court of Common Pleas. On December 21, 1998, the trial court denied the application. This timely appeal ensued.
Appellant's sole assignment of error states:
 I. THE COURT OF COMMON PLEAS ERRED IN FAILING TO VACATE AN ARBITRATOR'S AWARD PURSUANT TO OHIO REVISED CODE § 2711.10.
Generally, arbitration is favored and encouraged and an arbitration award carries a presumption of validity. Brumm v.McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96. 103. R.C. Chapter 2711 authorizes a "limited and narrow judicial review of an arbitration award" by setting forth "specific statutory procedures to vacate, modify, correct, or confirm an arbitration award." Galion v. AFSCME, Ohio Council 8 (1995),71 Ohio St.3d 620, 623. On appellate review, this Court is confined to an evaluation of the order issued by the trial court pursuant to R.C. 2711, and the substantive merits of the award are not reviewable absent evidence of material mistake or extensive impropriety. Flooring Specialties v. Moran Constr., Inc. (Aug. 10, 1995), Cuyahoga App. No. 68548, unreported, citing GoodyearTire Rubber Co. v. Local Union No. 200 (1975), 42 Ohio St.2d 516.
R.C. 2711.10 provides, in pertinent part:
 In any of the following cases, the court of common pleas shall make an order vacating the arbitration award upon the application of any party to the arbitration if:
 (A) The award was procured by corruption, fraud or undue means.
 (B) There is evident partiality or corruption on the part of the arbitrators, or any of them.
 (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
"Ohio's statutory scheme in R.C. 2711.10 thus limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." City off Cleveland v. AFSCME, Local 100 (Aug. 5, 1999), Cuyahoga App. No. 74467, unreported, quoting Goodyear,supra, at 520.
In the instant case, the City seeks to vacate the arbitrator's award under R.C. 2711.10(D) asserting that "[t]he arbitrators exceeded their powers." Thus, the City claims that "the Arbitrator exceeded her authority by disregarding clear contract language and undisputed facts in granting the F.O.P.'s grievance and awarding Hazardous Duty Injury benefits to Sergeant Lowry." Appellee F.O.P., on the other hand, asserts that the arbitrator's award does not conflict with any of the express terms of the CBA and that the arbitrator's award can be rationally derived from the terms of the Agreement.
In Cleveland Police Patrolmen's Assn. v. Cleveland (1995),107 Ohio App.3d 248, 255-256, this Court set forth the general standard of review for vacating an award of an arbitrator. This Court stated:
 It is well settled that the jurisdiction of courts in the area of arbitration and arbitration awards is limited. See, e.g., Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 551 N.E.2d 186; Warren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 480 N.E.2d 456. Judicial intervention in this area is statutorily restricted by R.C. 2711.09, 2711.10 and 2711.11. These sections give the court the power to vacate or modify an arbitration award only on certain enumerated grounds.
* * *
 With regard to the basis that R.C. 2711.10 provides for vacating an arbitrator's award, this court has cautioned that judicial review of the matter must be "very narrow." Cuyahoga Community College v. Dist. 925, Serv. Emp. Internatl. Union AFL-CIO (1988), 42 Ohio App.3d 166, 170, 537 N.E.2d 717, 720-721.
Furthermore, the Ohio Supreme Court has declared:
 "The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award. Thus, this court has stated, `[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.' Campbell v. Automatic Die Products Co.
(1954), 162 Ohio St. 321, 329, [55 O.O. 195, 198, 123 N.E.2d 401, 405] Indeed, this court has held that `[a] mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from the collective bargaining agreement.' Goodyear v. Local Union No. 200
(1975), 42 Ohio St.2d 516 [71 O.O.2d 509, 330 N.E.2d 703], paragraph one of the syllabus. An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful.
(Emphasis added.) Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 83-84, 488 N.E.2d 872, 875, 876. (Emphasis in original.)
See, also, Cleveland Bd. of Edn. v. Internatl. Bhd. of Firemanand Oilers Local 701 (1997), 120 Ohio App.3d 63.
The City asserts that the arbitrator "improperly modified the underlying issue in the case in order to award Hazardous Duty Injury (HDI) benefits." (Aplt's Brf. at 4) The City stated that the issue to be decided was:
 Whether the City of Cleveland, through its Medical Director, properly denied the grievant Hazardous Duty Injury Status, as defined in Article XIX of the collective bargaining agreement, for an injury he suffered to his lower back while shoveling snow and carrying firewood at home on November 17, 1996.
(Aplt's Application, Ex. 3, pp. 2-3).
However, the F.O.P. argued that the issue to be decided was:
 "Were the days lost by the grievant from radiating lumbrosacral pain and concomitant loss of normal ambulation from November 19, 1996 until December 3, 1996 as a result of hazard duty injuries? If yes, what should the remedy be?"
(Aplt's Application, Ex. 4, p. 4)
In her April 13, 1998, Opinion and Award, the arbitrator determined that the issue in this proceeding was: "Did the City violate the terms of the Agreement between the parties when the grievant was denied hazardous duty injury pay for absences arising from the aggravation on or about November 17, 1996, of an on-duty injury and he was required to use sick leave for those absences."
In sustaining the grievance, the arbitrator reasoned as follows:
 In the past the City has awarded HDI status to the grievant on the basis of medical documentation affirming that his recurrent and radiating low back pain is directly related to the structural damage caused by an on duty injury. The Medical Director for the City does not now challenge the episodic disability of the grievant arising from this injury. Nor does she contest the diagnosis of the December 3, 1996 Medical release (FOP D) associating the pain with this injury. In the absence of a medical challenge to the causative effects of the earlier injury on the November 17, 1996 disability, this arbitrator must sustain the grievance.
 According to Article XIX of the Agreement between the parties, a member of the bargaining unit is entitled to HDI status when days are lost due to a hazardous duty injury. Had it not been for his hazardous duty injuries and the structural damage suffered while performing police functions, the grievant herein would not have subsequently missed six work days in November and December, 1996. Pursuant to Article XIX of the Agreement between the parties, then, the grievant is entitled to HDI status for absences resulting from episodic pain associated with the earlier on duty injury.
 This finding does not negate the authority of the Medical Director set forth in Article XIX to confirm an on-duty injury. In the case at hand, however, the hazardous duty injury had been confirmed by the City. Indeed, the injury and the resultant structural damage were not contested by the Medical Director. The dispute herein was not whether the grievant had an hazardous duty injury but, rather, whether he was entitled to HDI status for pain recurring when he was off duty and preventing him from returning to work for six days. Based upon the unchallenged determination by his physician of a causal connection between the pain and the on duty injury, the grievant is entitled to HDI leave consistent with Article XIX of the Agreement between the parties.
(Award at 15-16).
We find that the arbitrator's award clearly reflects that the arbitrator applied the definition of "hazardous duty injury" contained in Article XIX of the collective bargaining agreement to the evidence presented during the arbitration in making her award and holding that the injury sustained by Sgt. Lowry on November 17, 1996 was a "recurring" "aggravation" of a Hazardous Duty Injury. Accordingly, Sgt. Lowry's "days lost [were] due to a hazardous duty injury" (Art. XIX(a)) which the City had previously recognized entitling him to utilize Hazardous Duty Injury leave for the six days he was off work. Based on the arbitrator's analysis, we cannot find that she exceeded her powers or that she did not draw the award from the essence of the agreement. "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." Findlay City School Dist. Bd.of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 132-133. Therefore, it is not our place, nor that of the trial court, in the first instance, to construe the CBA. That job is left to the arbitrator for good or ill, so long as there is a rational nexus between the agreement and the award.
Appellant's sole assignment of error is overruled.
JUDGMENT: AFFIRMED.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and BLACKMON, J., CONCUR.
 _______________________ JAMES M. PORTER, JUDGE.