DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Jerry Herrendeen, and confirmed an arbitration award rendered in appellee's favor. Herrendeen, an engineer employed by appellant, Daimler Chrysler Corporation ("Chrysler"), was demoted and, pursuant to a written dispute resolution procedure for nonunion salaried employees, contested the demotion. Under the terms of the employee dispute resolution procedure, if informal dispute resolution fails, the employee may request "final and binding" arbitration as to whether the "challenged personnel decision" is "lawful under applicable federal, state and local law" or "consistent with the Company's `at-will' policy." Appellee requested such arbitration.
The evidence offered at the arbitration hearing revealed, among other things, that appellant evaluates salaried nonunion employees on a yearly basis and that the determination of whether such an employee is demoted rests upon the appraisal for that year. It also disclosed that in order to justify the demotion of appellee, a corporation officer ordered appellee's superior, the plant manager, to alter appellee's appraisal for 1993 on his 1994 appraisal. Based on this evidence, the arbitrator determined that, despite appellee's status as an at-will employee, appellant engaged in a process or practice in determining whether such employees should be demoted and that Chrysler deviated from this practice when it demoted appellee. The arbitrator granted appellee's grievance.
Herrendeen subsequently filed a complaint, pursuant to R.C. Chapter 2711, asking the common pleas court to confirm the arbitration award. Both appellee and Chrysler filed motions for summary judgment.[1]
Chrysler urged that the arbitrator exceeded the scope of the power awarded him under the arbitration agreement and that his decision was in manifest disregard of the law; therefore, Chrysler asserted that the arbitration award should be vacated. Conversely, appellee requested confirmation of the award, arguing that under the extremely narrow standard of review applied to arbitration awards, he was entitled to summary judgment as a matter of law. The trial court agreed with appellee and entered judgment in his favor. Chrysler appeals that judgment and sets forth the following assignments of error:
 "1. The lower court erred in granting plaintiff's motion for summary judgment, confirming the arbitration award."
 "2. The lower court erred in denying defendant's motion for summary judgment, refusing to vacate the arbitration award."
Judicial review of an arbitration award must be "very narrow."Cuyahoga Community College v. Dist. 925, Serv. Emp. Internat'l. UnionAFL-CIO (1988), 42 Ohio App.3d 166, 170. Additionally, arbitration awards are presumed valid and an appellate court may not substitute its judgment for that of an arbitrator selected by the parties. Findlay City SchoolDist. Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus. Appellate review of an arbitration award is limited to an evaluation of the confirmation order of the common pleas court; it does not include a review of the substantive merits of the award absent evidence of material mistakes or extensive impropriety.Brumm v. McDonald Co. Securities, Inc. (1992), 78 Ohio App.3d 96. The policy underlying this narrow standard is best stated in Motor WheelCorp. v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 52, as follows:
 "The limited scope of judicial review of arbitration decisions comes from the fact that arbitration is a creature of contract. Contracting parties who agree to submit disputes to an arbitrator for final decision have chosen to bypass the normal litigation process. If parties cannot rely on the arbitrator's decision (if a court may overrule that decision because it perceives factual or legal error in the decision), the parties have lost the benefit of their bargain. Arbitration, which is intended to avoid litigation, would instead become merely a system of `junior varsity trial courts' offering the losing party complete and rigorous de novo
review. See Nat'l. Wrecking Co. v. Internat'l. Bd. of Teamsters, Local 731 (C.A. 7, 1993), 990 F.2d 957."
Upon a consideration of appellant's assignments of error, a study of the law (particularly the narrow standard of review applicable to this cause) relevant to a disposition of those assignments and a thorough review of the record of this case, we conclude that the well-written and well-reasoned decision of the Honorable William J. Skow deals admirably with the issues raised in this appeal and hereby adopt that decision as our own. See Appendix A. Accordingly, Chrysler's first assignment of error is found not well-taken and its second assignment of error is found moot. The judgment of the Lucas County Court of Common Pleas is affirmed. Daimler Chrysler Corporation is ordered to pay the costs of this appeal.
 _____________________ Melvin L. Resnick, J.
Peter M. Handwork, J., James R. Sherck, J. CONCUR.
[1] Certain procedural aspects of this case are not relevant on appeal and shall not be included in our brief recitation of the facts of this cause.