SUMMIT COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE, *v.* AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, APPELLANT.

(No. 13303—Decided March 9, 1988.)

*Harley M. Kastner, James P. Wilkins* and *Keith L. Pryatel,* for appellee.
*Marc E. Myers* and *David E. Northrop,* for appellant.

MAHONEY, J. The American Federation of State, County and Municipal Employees ("AFSCME") challenges an order of the trial court modifying the award of the arbitrator and upholding the Summit County Board of Mental Retardation and Developmental Disabilities' ("the board's") dismissal of the grievant, Kathleen Hankins. We affirm.

## Facts

Kathleen Hankins was employed by the board as a bus driver. On February 12, 1986, Hankins' bus was undergoing routine repairs. At that time, no damage to the exterior of the bus existed. On February 19, Hankins noticed that the windshield wipers and horn on her bus were not in working order. She also observed a dent on the right fender of the vehicle. Hankins was uncertain as to the origin of the dent.

Although Hankins sent her bus in for repairs to the windshield wipers and horn on February 19, she did not report the fender damage to the transportation supervisor. Upon learning of the fender damage from the chief mechanic, the transportation supervisor called Hankins in for an investigatory meeting. At that time, Hankins admitted that she had failed to report the damage despite her knowledge of such. Hankins subsequently testified that she had meant to

report the damage upon returning home. However, she became distracted by severe domestic problems and simply forgot to make the report.

As a result of Hankins' failure to report the damage as required by the collective bargaining agreement, the board terminated Hankins' employment effective February 28, 1986. AFSCME filed a grievance on behalf of Hankins, which was denied by the board on March 11, 1986. The matter proceeded to arbitration and a hearing was conducted by the arbitrator. In an opinion and award dated January 14, 1987, the arbitrator sustained Hankins' grievance and reduced the penalty for her failure to report the fender damage to a suspension without pay for the amount of time that Hankins had already been off work.

Contending that the arbitrator had exceeded his authority, the board sought relief in the Summit County Court of Common Pleas pursuant to R.C. Chapter 2711. In an order dated July 29, 1987, the common pleas court determined that the arbitrator had exceeded his authority by modifying the discipline expressly called for in the collective bargaining agreement. The court vacated that portion of the arbitrator's award which imposed merely a suspension without pay upon Hankins and upheld the board's dismissal of Hankins. This appeal followed.

### Assignment of Error

"The Court of Common Pleas erred in holding that the arbitrator had exceeded his authority when modifying an employee discharge to a suspension."

It is well-settled that labor arbitration between disputing parties is favored and encouraged under the law. *Mahoning Cty. Bd. of Mental Retardation* v. *Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St. 3d 80, 22 OBR 95, 488 N.E. 2d 872. The United States Supreme Court has recently stated:

"* * * Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather then [*sic*] by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts. To resolve disputes about the application of a collective-bargaining agreement, an arbitrator must find facts and a court may not reject those findings simply because it disagrees with them. The same is true of the arbitrator's interpretation of the contract. The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract. * * * As the Court has said, the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision. * * *" (Citations omitted.) *United Paperworkers Internatl. Union, AFL-CIO* v. *Misco, Inc.* (1987), 484 U.S. ___, ___, 98 L. Ed. 2d 286, 299, 108 S. Ct. 364, 370-371.

In the case *sub judice,* the arbitrator's award did not "draw its essence" from the collective bargaining agreement since there was no "rational nexus between the agreement and the award." See *Mahoning Cty. Bd. of*

*Mental Retardation, supra,* at paragraph one of the syllabus. Concerning the arbitrator's authority, Article IV, Step III of the collective bargaining agreement in controversy provided in pertinent part:

"* * * The arbitrator shall have jurisdiction only to decide grievances involving the application or interpretation of some expressed term or provision of this Agreement, shall decide the same in accordance with the expressed terms thereof, and shall not have the power to add to, subtract from or modify such expressed terms. All decisions of Arbitrators consistent with their jurisdiction, power and authority as set forth herein and all pre-arbitration grievance settlements reached by the Union and the Employer shall be final, conclusive and binding on the Employer, the Union and the employees. * * *"

The agreement also quite specifically addressed the proper procedure for reporting damage to board vehicles and the penalty for failure to do so. Article V, Section 9(6) provided in part:

"All accidents in a SCBMR/DD vehicle must be immediately reported to the police department in whose jurisdiction the accident occurred and to the Transportation Supervisor as well as all required paper work completed as soon as possible. Failure to do so will result in automatic dismissal."

Although AFSCME contended that the damage to the fender of Hankins' bus was not the result of an "accident," the arbitrator clearly found that this sort of damage was included in the definition of "accident" adopted by the board and provided to the vehicle operators. However, the arbitrator stated:

"The penalty in this case has been reduced solely upon the unique facts of this case — the fact that the Board did not require automatic reporting to the police; that the grievant did not receive the clarification issued by the Board to all drivers through inner-office mail because of her Board initiated transfer; and the fact of extenuating circumstances confronting the grievant at home. * * *"

The arbitrator's consideration of Hankins' domestic situation was clearly inappropriate under the terms of the collective bargaining agreement and AFSCME appears to concede this point. However, AFSCME claims that the arbitrator had full authority to depart from the literal language of the contract since the board's "past practice" of "selectively enforcing" Article V, Section 9(6) had effectively modified the terms of that section. We do not agree.

It is noteworthy that the arbitrator in his award never specifically mentioned either "past practice" or "selective enforcement." Rather, the arbitrator found that in one prior incident the board had not terminated an employee for failing to report damage to a vehicle to the transportation supervisor and that the board did not always require that "accidents" be reported to the local police department. Regarding the incident where the employee had not been terminated, the arbitrator found that the board had issued a "clarification" concerning Article V, Section 9(6) and that Hankins had not received this clarification due to an error by the board. We find that none of these factual determinations supports the arbitrator's award.

There is currently some controversy among arbitrators as to the precise role "past practice" of the parties should play in dispute resolution. See Fairweather, Practice and Procedure in Labor Arbitration (2 Ed. 1983) 215 *et seq.* However, authorities generally agree that "there must be such consistency in the practice as to leave no doubt of the parties' intent." *Id.* at

205. We find no such circumstances here.

Although he distinguished "prior instances of dismissal for failure to report an accident," the arbitrator clearly recognized that other employees had been dismissed pursuant to Article V, Section 9(6) in the past. The single incident noted by the arbitrator and now relied upon by AFSCME is insufficient to establish a "past practice of selective enforcement" by the board. Consequently, it is understandable why the arbitrator made no such finding.

The arbitrator's findings that the board had previously recognized that clarification of the reporting procedures was in order and that the board failed to transmit said clarification to Hankins also do not support the arbitrator's award. As indicated in the award, Hankins stated that she intended to report the damage to the transportation supervisor, but simply had forgotten to do so. Clearly, Hankins had actual knowledge that such a report was required. Thus, the arbitrator found that Hankins "was extremely careless concerning the damage, and the reporting of the damage."

At best, the arbitrator's factual determinations supported a finding that the past practice of the parties established that a damage report to the local police department was not always required. However, as found by the arbitrator, Hankins "was not penalized for her failure to report the matter to the police department, but only for her failure to report the matter to the transportation supervisor."

None of the findings of the arbitrator supports his departure from the unambiguous terms of the collective bargaining agreement. The board's dismissal of Hankins was proper. Consequently, the common pleas court did not err in modifying the arbitrator's award pursuant to R.C. 2711.11 and 2711.12. See *Graise* v. *Firestone Tire & Rubber Co.* (1979), 65 Ohio App. 2d 119, 122, 19 O.O. 3d 71, 72-73, 416 N.E. 2d 633, 635-636.

Summary

AFSCME's assignment of error is overruled. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.