OPINION
Plaintiff-appellant Adena Corporation (hereinafter "Adena") appeals the March 22, 2000 Final Judgment Entry entered by the Holmes County Court of Common Pleas, confirming the arbitrator's award rendered in favor of defendant-appellee Sunset View Limited, et al. (hereinafter "Sunset View").
 STATEMENT OF THE FACTS AND CASE
On August 19, 1994, Sunset View and Adena entered into a Construction Contract Costs Plus ("the Agreement") whereby the parties agreed Adena would perform the duties of the general contractor for the construction of the Sunset View Nursing Home in Millersburg, Ohio. Article I, Section A of the Agreement provides, "the Contract between the parties is set forth in the `Contract Documents,' which consist of this Agreement, the Drawings Specifications, which include the current addition of AIA (American Institute of Architects) Documents A201, `General Conditions of the Contract for Constructions,' and Form HUD 2554, `Supplementary Conditions of the Contract for Construction.'" A certificate of substantial completion as well as permission to occupy were issued on September 15, 1995. Sunset View, its architect, Adena, the mortgage company, and a HUD inspector signed both of these documents.
On October 18, 1996, Adena received a check in the amount of $352,502.50 from Sunset View. Although the total amount due to Adena was $398,230, Adena authorized Sunset View to retain the sum of $45,727.50 to pay Adena's subcontractors.
On August 12, 1998, Adena filed a Complaint in the Holmes County Court of Common Pleas, asserting claims of breach of contract, unjust enrichment, and quantum meruit against Sunset View. After two extensions of time within which to move, plead, or otherwise respond to the complaint, Sunset View filed a Motion to Stay Proceedings Pending Arbitration.[1] Sunset View relied upon Article 4.5 of the Agreement's General Conditions, AIA Document A201, which requires the parties to submit any and all controversies or claims "arising out of or related to the Contract, or the breach thereof" to arbitration. The parties briefed the issue of the applicability of the Agreement's mandatory arbitration provisions, as well as the arbitrability of the parties' claims and counterclaims. Via Journal Entry filed December 16, 1998, the trial court granted Sunset View's motion to stay, and stayed all proceedings in the trial court pending binding arbitration.
Sunset View submitted a Demand for Arbitration to the American Arbitration Association ("AAA"). The parties selected Carl J. Opatrny as the arbitrator. Prior to the selection, neither party requested the arbitrator issue findings of fact, conclusions of law, or any other form of written explanation of the award upon conclusion of the hearing. Such request is required by Rule R-42 of the Construction Industry Arbitration Rules. On October 1, 1999, Sunset View submitted an Amended Demand for Arbitration to the AAA as well as a Summary of Claims, which increased Sunset View's claim for damages to an amount in excess of $820,000. The arbitration hearing commenced on November 1, 1999, and concluded on November 4, 1999. Neither party requested findings of fact, conclusions of law, or any other written explanation of the award from the arbitrator during the hearing or at the completion of the hearing. The arbitrator issued his award on December 10, 1999, granting Sunset View $532,486.93 in damages, and $1,356.75 for reimbursement of fees and expenses associated with the arbitration. The arbitrator awarded Adena $125,070.39. Subsequently, on February 11, 2000, the arbitrator issued a Modification of Award, adding $14,253.80 to the original award in favor of Sunset View. The modification was prompted by a computational error.
On January 31, 2000, Sunset View filed an Application for Order Confirming Arbitration Award with the trial court. Sunset View also filed an Amended Application to Confirm Arbitration Award on March 7, 2000, requesting the arbitrator's February 11, 2000 Modification of Award also be confirmed. Adena filed a Motion and Initial Memorandum to Vacate Arbitrator's Award on February 1, 2000. Thereafter, the trial court provided both parties with time to file supplemental briefs in support of their respective motions and in opposition to the other party's motion. Via Final Judgment Entry Confirming Arbitration Award filed March 22, 2000, the trial court confirmed the arbitrator's award and entered judgment in favor of Sunset View in the amount of $423,027.09, plus interest.
It is from this judgment entry Adena appeals, raising the following assignments of error:
 I. THE ARBITRATOR EXCEEDED HIS POWERS IN AWARDING LITIGATION FEES.
 II. THE CLAIMS AND COUNTERCLAIMS IN THIS LITIGATION WERE NOT SUBJECT TO ARBITRATION.
 III. THE AWARD WAS ARBITRARY, INTERNALLY INCONSISTENT, INDEFINITE, AND THE ARBITRATOR EXCEEDED HIS POWERS.
 II
In its second assignment of error, Adena maintains the trial court erred in referring any of the claims to arbitration because Sunset View never met the prerequisites for arbitration as mandated in the parties' Agreement. Additionally, Adena contends the trial court erred in referring all of the claims to arbitration because some of the claims were not subject to arbitration as those claims were based upon agreements by the parties made subsequent to the original Agreement and such agreements did not contain arbitration clauses.
R.C. 2711.02 provides:
 If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration. An order under this section that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code. (Emphasis added).
Pursuant to the aforementioned statute, the trial court's December 16, 1998 Journal Entry, which stayed litigation of the claims pending arbitration was a final appealable order. A review of the record before this Court reveals Adena did not timely appeal said decision. Accordingly, the December 16, 1998 Decision has become res judicata and the arguments raised in Adena's second assignments of error are not reviewable. Accord, Patton v. Capital Builders Supply, Inc. (Feb. 22, 2000), Stark App. No. 1999CA00195, unreported.Adena's second assignment of error is overruled.
 I
In its first assignment of error, Adena asserts the arbitrator exceeded his powers in awarding attorney fees to Sunset View as such relief was not provided for by the Agreement.
Judicial review of arbitration awards is narrowly circumscribed by R.C. 2711.10. Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, para. one of syllabus; Goodyear v. LocalUnion No. 200 (1975), 42 Ohio St.2d 516, para. two of syllabus. R.C.2711.10 provides, in relevant part:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Under R.C. 2711.10, an error of fact or law by an arbitrator does not provide a basis for vacating an arbitration award, Goodyear, supra, at 522, nor will an ambiguity in an arbitration award, which permits the inference the arbitrator may have exceeded his authority, provide a sufficient basis for vacating the award so long as the award draws its essence from the parties' agreement. Ohio Office of Collective Bargainingv. Ohio Civil Serv. Employees Ass'n., Local 11, AFSCME, AFL CIO (1991),59 Ohio St.3d 177, 179.
The Agreement herein provides:
 To the fullest extend permitted by law, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom.
* * *
General Conditions, AIA Document A201, Section 3.18.1.
Adena explains, "the `Work' is defined as the construction project" and "thus legal fees are only recoverable under the Agreement for personal injury claims or damages to property other than the project." Brief of Appellant at 8. Adena concludes, because "[t]he only damages alleged by Sunset are those to Project property", legal fees are not recoverable.Id.
The arbitrator did not provide a written explanation of his award, nor was he required to do so. Nonetheless, such an explanation is not critical to our ruling as the Agreement authorizes the arbitrator's award of attorney fees at least in some incidences. Accordingly, we find the arbitrator did not exceed his powers in rendering such an award. Accord,Victoria Secrets Stores, Inc. v. Epstein Contracting, Inc. (Mar. 8, 2001), Franklin App. No. 00AP-709, unreported.
Adena's first assignment of error is overruled.
 III
In its final assignment of error, Adena argues the arbitrator issued an award which was arbitrary, indefinite and exceeded his powers. Specifically, Adena claims the arbitrator's award was arbitrary in that the "arbitrator simply cut each side's request by one-third." Brief of Appellant at 18. Further, Adena asserts the award is internally inconsistent because the arbitrator awarded damages to Sunset View for the replacement of the hot water system, but required Sunset View to pay Adena for isolation valves, which were only necessary to locate leaks in the hot water system in order to make appropriate repairs.
The arbitrator's award is presumed valid. Findlay City School Dist.Bd. of Edn., supra, para. one of syllabus. When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. Huffman v. Valletto (1984),15 Ohio App.3d 61, para. two of syllabus.
A trial court may vacate an arbitration award only in the circumstances prescribed in R.C. 2711.10, which is set forth in Assignment of Error I,supra. As also stated in Assignment of Error I, in order to determine if the arbitrator exceeded his power, the trial court must first determine whether the arbitrator's award draws its essence from the collective bargaining agreement of the parties. Ohio Office of CollectiveBargaining, supra, at 179-180; Findlay City School Dist. Bd. Of Edn.,supra at 132. This is established where "there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Id. at 132, quoting Mahoning Cty.Bd. of Mental Retardation v. Mahoning Cty. TMR Edn. Ass'n (1986),22 Ohio St.3d 80. As long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm his decision. Summit Cty.Bd. of Mental Retardation Developmental Disabilities v. American Fed'n ofState, Cty. Mun. Emp. (1988), 39 Ohio App.3d 175, 176. This is so because it is the arbitrator's determination for which the parties bargained.Goodyear, supra; Hillsboro v. Fraternal Order of Police, Ohio LaborCouncil (1990), 52 Ohio St.3d 174, 177.
Appellate review does not extend to the merits of such an award absent evidence of material mistake or extensive impropriety. Lynch v. Halcomb
(1984), 16 Ohio App.3d 223, para. two of syllabus; Lockhart v. AmericanRes. Ins. Co. (1981), 2 Ohio App.3d 99, 101. As no such evidence appears in the record, this Court is limited to a review of the order of the trial court. Id. at 101.
Turning to Adena's contention the arbitrator merely split each parties' request for damages by one-third, we initially note Adena's mathematical computations are askew. Additionally, the mere fact the arbitrator did not award the full amount of compensation, to which each of the parties contended they were entitled, does not establish the award was arbitrary. See, e.g., Ford Hull-Mar Nursing, Inc. v. Marr, Knapp,Crawfish Assoc., Inc. (2000), 138 Ohio App.3d 174, 180.
With respect to Adena's assertion the award was internally inconsistent, we find Adena is essentially raising a manifest weight of the evidence argument. This Court is precluded from examining the actual merits upon which the arbitration award is based. Motor Wheel Corp. v.Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 51. As such, any legal and/or factual merits of the arbitration award cannot be addressed on appeal. Sparks v. Barnett (1992), 78 Ohio App.3d 448. Although Adena takes issue with the fact the arbitrator did not substantiate the award with written findings of fact and conclusions of law, "the validity of an arbitration award is unaffected by the lack of this type of formalized statement." Ford Hull-Mar Nursing, Inc., supra, at 181, quoting Nesterv. Nester (May 23, 1995), Franklin App. Nos. 94APF09-1359 and 94APF09-1360, unreported.
We find Adena has failed to allege any statutorily permissible grounds upon which this Court could vacate the arbitration award. Accordingly, Adena's third assignment of error is overruled.
The judgment of the Holmes County Court of Common Pleas is affirmed.
[1] In September, 1998, Attorney Steven Shrock, Sunset View's original trial counsel, requested, and was granted, a 30 day extension of time in order to investigate and attempt to resolve a conflict of interest which could potentially affect his representation of Sunset View. On October 14, 1998, Attorney Shrock requested an additional 30 days for Sunset View to retain alternative counsel as the conflict was unresolved.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hoffman, J., Edwards, P.J. and Boggins, J. concur.