DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Chris A. DeGasperis ("DeGasperis") and Local No. 4546, Communications Workers of America (AFL-CIO) ("Union"), appeal from the judgment of the Summit County Court of Common Pleas vacating an arbitration award. We affirm.
 {¶ 2} Appellant DeGasperis, an employee of Appellee, Summit County Children Services Board, served as a protective services worker supervising cases. In April 2001, Appellee fired Appellant DeGasperis for misrepresenting facts to a magistrate during a hearing. After a brief investigation of the circumstances surrounding the misrepresentations, Appellee initially left a termination letter on Appellant DeGasperis' chair at work without holding a pre-disciplinary termination hearing as required by a collective bargaining agreement ("CBA") in force between Appellant DeGasperis' union (Appellant Union), and Appellee. Immediately upon noticing this defect, Appellee revoked the termination, and then requested the required termination hearing before a neutral hearing officer.
 {¶ 3} Appellee submitted to the neutral hearing officer the issue of whether Appellant DeGasperis violated either of two Group III rules under the CBA: dishonesty and knowingly submitting inaccurate information to a court. An additional Group I rule, regarding providing inaccurate information to a court without the "knowingly" element, was dropped from the list of alleged violations prior to the neutral's hearing. While the CBA provided only one appropriate discipline for a Group III violation, termination, it provided a much lesser discipline scale for a Group I violation.
 {¶ 4} The neutral hearing officer held the hearing on May 2, 2001, and issued findings supporting the recommendation of Appellee to discipline Appellant DeGasperis for violations of the Group III rules. Following this recommendation, Appellee terminated Appellant DeGasperis' employment.
 {¶ 5} On May 24, 2001, Appellant Union filed a Step III Grievance on behalf of Appellant DeGasperis with Appellee. The grievance was eventually denied by Appellee.[1] Pursuant to the CBA, Appellants appealed the decision to an arbitrator in December 2001. The arbitrator ruled that Appellant DeGasperis' termination violated due process, and ordered his reinstatement.
 {¶ 6} Appellee then filed a motion to vacate, modify or correct the arbitration award under R.C. 2711.10 through 2711.13 in the Summit County Court of Common Pleas. The trial court granted the motion and vacated the arbitration award, stating that the specific due process ground upon which the arbitrator relied was not raised or argued by the parties at the arbitration. Appellants timely appealed, raising two assignments of error. We will discuss both assignments of error together.
 Assignment of Error I
"The trial court erred in finding that the arbitrator improperly ruled upon arguments that were not presented."
 Assignment of Error II
"The trial court erred in finding that the arbitrator exceeded his powers."
 {¶ 7} In their assignments of error, Appellants argue that the trial court erred in finding that the arbitrator ruled on arguments not presented to him or exceeded his authority. Specifically, Appellants state that all parties actually briefed and argued in arbitration the same due process argument that the trial court insisted was never presented to the arbitrator. Appellants allege that as long as the award draws its essence from the CBA, the trial court may not vacate that award.
 {¶ 8} Because the parties have contracted to have a dispute settled by an arbitrator, courts play a limited role in reviewing an arbitration award. Communication Workers of America, Local No. 4546 v. Summit Cty.Children Services Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at 18. The trial court may vacate the arbitration award only if the arbitrator "exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (Emphasis added). R.C. 2711.10(D).
"`[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" (Emphasis added). Summit Cty. Bd. of Mental Retardation Developmental Disabilities v. American Fedn. of State, Cty. Mun. Emp. (1988), 39 Ohio App.3d 175, 176, quoting United PaperworkersInternatl. Union, AFL-CIO v. Misco, Inc. (1987), 484 U.S. 29, 38,98 L.Ed.2d 286.
 {¶ 9} Therefore, in order to affirm the trial court's judgment in this matter, we must find either that the award did not draw its essence from the CBA, or that the arbitrator did not act within the scope of his authority by issuing an award based on issues that the parties did not submit. See State Farm Mut. Ins. Co. v. Blevins (1990), 49 Ohio St.3d 165, paragraph one of the syllabus. In other words, if the arbitrator based his decision solely on an issue not raised below by the parties, he automatically has exceeded his scope of authority, and the award must be vacated. See id.
 {¶ 10} In the arbitration proceeding below, the parties argued four main issues: (1) whether Appellee discharged Appellant DeGasperis for good cause; (2) if not, what remedy should the arbitrator afford Appellant DeGasperis; (3) whether Appellee's failure to strictly follow set timelines violated Appellant DeGasperis' due process rights; and (4) whether the failure of Appellee to hold a pre-disciplinary hearing before Appellant's original, but later revoked, termination also violated due process. The arbitrator and counsel for both Appellee and Appellants spent several transcript pages at the very beginning of the arbitration hearing detailing the exact procedural irregularities that Appellants claimed were due process violations. The arbitrator required Appellants' counsel to state precisely their procedural claims: Appellants limited the issues to (3) and (4) above while still reserving the right to expand upon those issues during the hearing.
 {¶ 11} As to the first procedural issue, we note that Appellants failed to offer any evidence at the arbitration to show that they were prejudiced by the brief timeline delays. As to the second issue, the arbitrator found that the original termination "was implicitly rescinded" and that, therefore, Appellee's failure to hold a pre-disciplinary hearing prior to the issuance of the original, revoked termination letter did not deny Appellant DeGasperis due process. Appellant DeGasperis even admitted at the arbitration hearing that no prejudice resulted from this irregularity.
 {¶ 12} Regardless of the fact that the arbitrator found specifically that Appellee did not violate Appellant DeGasperis' due process rights in the two procedural irregularities actually raised below, he still found a due process violation in a completely different context. He found that the neutral hearing officer's recommendation did not confirm either of the charges against Appellant DeGasperis. The arbitrator, therefore, felt that Appellee could not discipline Appellant DeGasperis at all because the neutral hearing officer failed to specifically find a violation of either of the Group III rules. The arbitrator also opined that the language of the neutral hearing officer's decision explicitly found Appellant DeGasperis guilty only of violating a Group I rule — providing inaccurate information to a court — which had a much more lenient discipline schedule than the two Group III violations actually submitted to the neutral hearing officer.
 {¶ 13} After thoroughly reviewing the record below, we agree with the trial court. Nowhere in the evidence submitted below did either party raise the specific due process issue upon which the arbitrator relied upon for his decision. Nowhere did the parties argue about whether the neutral hearing officer failed to explicitly find a violation of the Group III rules submitted to her. Nowhere did either party brief this precise due process issue for the arbitrator. Because the arbitrator exceeded his authority by ruling on an issue not submitted to him for review, we agree that the trial court should have vacated the award below.
 {¶ 14} We find Appellants' assignments of error to be without merit, and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
Baird, J. and Batchelder, J., concur.
[1] Each step in this particular process, from the pre-disciplinary hearing to the final denial of the grievance, had a specific timeline outlined in the CBA. The Appellee missed the majority of the deadlines by a day or two.