JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Association of Cleveland Fire Fighters, Local 93 of the International Association of Fire Fighters ("the Fire Fighters") appeals from the decision of the Cuyahoga County Court of Common Pleas which denied the Fire Fighters' application to vacate and/or modify the arbitration award and granted defendant-appellee City of Cleveland's ("the City") motion for summary judgment. Finding error in the proceeding below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. In December 2000, the Fire Fighters filed a notice to negotiate with the State Employment Relations Board in accordance with their collective bargaining agreement. Both parties submitted final offers on all impasse issues to the arbitrator, Earl M. Curry ("Curry"). Curry was to select the final offer of one of the parties on each of the impasse issues without modification pursuant to Article XX of the Collective Bargaining Agreement between the City and the Fire Fighters. On September 5, 2001, Curry issued his decision in American Arbitration Association Case No. 53 390 00092 01, finding for the Fire Fighters on some issues and for the City on other issues. On September 28, 2001, the Fire Fighters filed an application to vacate and/or modify the arbitration award rendered by Curry. The Fire Fighters claimed that Curry exceeded his powers and imperfectly executed his duties under R.C. 2711.10(D) when he rendered his decision. In the meantime, Curry received requests to clarify the award from the City and the American Arbitration Association and Curry responded to both. In addition, the City filed a motion for summary judgment on February 12, 2002. By April 16, 2002, all responsive briefs were filed by both parties. On October 22, 2003, the trial court issued its opinion and order denying the Fire Fighters' application to vacate and/or modify and granting the City's motion for summary judgment.
 {¶ 3} The Fire Fighter's timely appeal, advancing two assignments of error for our review:
 {¶ 4} "I. Whether the trial court erred in denying the Fire Fighters' application to vacate and/or modify the arbitration award."
 {¶ 5} "II. Whether the trial court erred in granting the City of Cleveland's Motion for Summary Judgment."
 {¶ 6} First we note that an arbitrator's award is presumed to be valid. Findley City School Dist. Bd. of Edn. v. Findley Edn.Assn. (1990), 49 Ohio St.3d 129. When parties agree to submit their dispute to binding arbitration, they agree to accept the result, regardless of its legal or factual accuracy. Goodyear v.Local Union No. 200 (1975), 42 Ohio St.2d 516, cert. denied,423 U.S. 986. Appellate review does not extend to the merits of such an award absent evidence of material mistake or extensive impropriety. Id. The power of Ohio courts to review an arbitration award is very limited and defined by R.C. 2711.10, which states in pertinent part:
 {¶ 7} "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 {¶ 8} "* * *
 {¶ 9} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 10} "R.C. 2711.10 limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority." Goodyear Tire Rubber Co. v. Rubber Workers Local 200 (1975),42 Ohio St.2d 516, paragraph two of the syllabus.
 {¶ 11} To determine if the arbitrator exceeded his power, the trial court must first determine whether the arbitrator's award draws its essence from the collective bargaining agreement of the parties. Ohio Office of Collective Bargaining v. Ohio Civ. Serv.Emp. Assn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177. This is established where "* * * there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of MentalRetardation v. Mahoning Cty. TMR Edn. Assn. (1986),22 Ohio St.3d 80. So long as the arbitrator is arguably construing the contract, the trial court is obliged to affirm its decision.Summit Cty. Bd. of Mental Retardation DevelopmentalDisabilities v. Am. Fedn. of State, Cty. Mun. Emp. (1988),39 Ohio App.3d 175. This is so because it is the arbitrator's determination for which the parties bargained. Goodyear,42 Ohio St.2d 516.
 {¶ 12} In the case before us, the Fire Fighters argue, inter alia,[1] that Curry exceeded his powers and imperfectly executed them when he failed to make a decision regarding the contract language. Specifically, Curry selected the Fire Fighters' proposal regarding the award for "Cycle Days"; however, he opted to maintain the current contract language. The City argues that Curry cured any ambiguity in his award by his subsequent letter. Further, the City argues that he actually chose the City's proposal which, it alleges, was to maintain current contract language. We disagree. The relevant provision of the Collective Bargaining Agreement is Section D of Article XX, Impasse Arbitration, which states the following: "After receiving whatever evidence the parties wish to submit, the arbitration panel shall select the final offer of one of the parties on eachof the impasse issues and shall issue an award incorporating all of these selected final offers, without modification." (Emphasis added.)
 {¶ 13} An arbitrator's powers are "limited by the bounds of the agreement from which he draws his authority." State FarmMutual Insurance Company v. Blevens (1990), 49 Ohio St.3d 165,167, quoting Internatl. Bhd. of Electrical Workers, Local 1400v. Citizens Gas Coke Utility (Ind.App. 1981),428 N.E.2d 1320, 1326.
 {¶ 14} This arbitration award is inconsistent. Curry rules in favor of the Fire Fighters on the issue of "Cycle Days" but opts to maintain current contract language which is inconsistent with a ruling in favor of the Fire Fighters. Then, in a subsequent letter, Curry indicates that he did not choose either of the parties' proposals but rather opted to maintain the current contract language. This alone requires this court to vacate the arbitrator's award because it is directly contrary to the powers awarded to the arbitrator in Article XX of the Collective Bargaining Agreement.
 {¶ 15} The Fire Fighters' first assignment of error is sustained; as such, the second assignment of error need not be addressed. See App.R. 12(A)(1)(c).
Reversed and remanded.
Kilbane, P.J., and Dyke, J., concur.
[1] Several issues were presented by the Fire Fighters which will not be addressed by this opinion.