[Cite as *Akron Edn. Assn. v. Akron City School Dist. Bd. of Edn.*, 2022-Ohio-275.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON EDUCATION ASSOCIATION

    Appellant

    v.

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION

    Appellee

C.A. No.    29768


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2018-09-3778

DECISION AND JOURNAL ENTRY

Dated: February 2, 2022

TEODOSIO, Presiding Judge.

{¶1}    The Akron Education Association appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    In April 2017, the Akron Education Association ("AEA") filed a grievance with the Akron City School District Board of Education ("the District") on behalf of one of its members: Stephen White, a teacher employed by the District. The grievance alleged a violation of Section 1.08 of the parties' collective bargaining agreement ("the Agreement"). Article 1.08 of the Agreement provided, in part: "No member of the bargaining unit shall be adversely treated, restrained, interfered with or coerced as a result of filing a grievance or seeking Association assistance on any matter under this Agreement."

{¶3}    The basis of the grievance was the non-renewal of Mr. White's supplemental contract as the Boys Basketball Coach. Mr. White alleged that the non-renewal of that contract

was a retaliatory response to his prior decision to involve the AEA in matters concerning student enrollment in Mr. White's classes and the District's assessment of Mr. White's performance as a teacher. The grievance was heard by an arbitrator who issued a decision finding that the District did not violate Section 1.08 of the Agreement, but did otherwise violate the Agreement by acting in an arbitrary and capricious manner in not renewing the supplemental contract for the position of Boys Basketball Coach.

{¶4} The District subsequently filed an action in the Summit County Court of Common Pleas to vacate the arbitration award pursuant to R.C. 2711.10 and R.C. 2711.13, and in May 2020, the court issued its judgment vacating the arbitration award. The AEA now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT VACATED THE ARBITRATOR'S AWARD GRANTED TO MR. WHITE.

{¶5} Under its assignment of error, the AEA argues the trial court erred by vacating the arbitration award. The AEA contends the Court of Common Pleas improperly contradicted the factual findings of the arbitrator and substituted its own opinion. We disagree.

{¶6} "'When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo.'" *Slezak v. Slezak*, 9th Dist. Summit No. 29102, 2019-Ohio-3467, ¶ 15, quoting *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, ¶ 2.

{¶7} "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting

the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code." R.C. 2711.13. Ohio's public policy strongly favors arbitration, as expressed in the Ohio Arbitration Act codified in R.C. 2711. *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011–Ohio–5262, ¶ 18. Consistent with this policy, R.C. 2711 limits the jurisdiction of trial courts once arbitration has been conducted. *See State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003–Ohio–5101, ¶ 22. In applying R.C. 2711, Ohio courts defer to arbitration awards and presume their validity. *Lauro v. Twinsburg*, 9th Dist. Summit No. 23711, 2007–Ohio–6613, ¶ 5. "When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." *Id.*

{¶8} R.C. 2711.10(D) provides that an award may be vacated if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the matter submitted to them was not made." Reviewing courts are thus limited in their role to a determination of whether an award draws its essence from the relevant contract or whether the award is unlawful, arbitrary, or capricious. *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland*, 99 Ohio St.3d 476, 2003–Ohio–4278, ¶ 13, citing *Bd. of Edn. of the Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129 (1990), paragraph two of the syllabus. If there is a good-faith argument that an arbitrator's award is authorized by the contract that provides the arbitrator's authority, the award is within the arbitrator's power. *Lorain v. IAFF Local 267*, 9th Dist. Lorain No. 14CA010717, 2016-Ohio-978, ¶ 7. "An arbitrator exceeds his power when an award fails to draw its essence from the agreement of the parties." *Lowe v. Oster Homes*, 9th Dist. Lorain No. 05CA008825, 2006-Ohio-4927, ¶ 7. "This occurs when there is an absence of 'a rational nexus between the agreement and the award,' or when the award is 'arbitrary, capricious, or unlawful.'" *Id.*,

quoting *Gingrich v. Wooster*, 9th Dist. Wayne No. 00CA0032, 2001 WL 22256, \*5 (Jan. 10, 2001). An award thus departs from the essence of a contract when: (1) the award conflicts with the express terms of the agreement, or (2) the award is without rational support by the agreement or cannot be rationally derived from the terms of the agreement. *IAFF Local 267* at ¶ 7. "'Generally, if the arbitrator's award is based on the language and requirements of the agreement, the arbitrator has not exceeded his powers.'" *Stow Firefighters, IAFF Local 16622 v. Stow*, 9th Dist. Summit No. 25209, 2011-Ohio-1559, ¶ 26, quoting *Piqua v. Fraternal Order of Police*, 2d Dist. Miami No. 09-CA-19, 2009-Ohio-6591, ¶ 22.

{¶9}   "Reviewing courts cannot review claims of factual or legal error with respect to the exercise of an arbitrator's powers." *IAFF Local 267* at ¶ 8, citing *Martin's Ferry City School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 7th Dist. Belmont No. 12 BE 15, 2013–Ohio–2954, ¶ 18. As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of her authority, the fact that a court is convinced she committed error does not suffice to overturn the decision. *Id.* citing *Summit Cty. Bd. of Mental Retardation and Dev. Disabilities v. Am. Fedn. of State, Cty. and Mun. Emps.*, 39 Ohio App.3d 175, 176 (9th Dist.1988). *See also Lowe* at ¶ 7 (stating that "mere error" in the interpretation or application of the law will not suffice to vacate an arbitration award; the decision must "fly in the face of clearly established legal precedent" to support a vacation of the award). "Once it is determined that the arbitrator's award draws its essence from the [agreement] and is not unlawful, arbitrary, or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Id.*, quoting *Bd. of Edn. of the Findlay City School Dist.* at paragraph two of the syllabus.

**{¶10}** In his grievance, Mr. White alleged that the District's decision not to renew his supplemental contract as Boys Basketball Coach violated Section 1.08 of the Agreement. Section 1.08 of the Agreement provided, in part: "No member of the bargaining unit shall be adversely treated, restrained, interfered with or coerced as a result of filing a grievance or seeking Association assistance on any matter under this Agreement." Section 3.13.B.3 of the Agreement addressed the issue of supplemental contracts and provided:

> The procedures for non-renewal of contracts listed above do not apply to supplemental contracts. Supplemental contract non-renewal notices will be noted on the face of the supplemental contract and do not require any additional notice of non-renewal, pursuant to this Agreement or Ohio law.

**{¶11}** Upon hearing the grievance, the arbitrator determined that the District did not violate Section 1.08 and found that there was no evidence that the Grievant's supplemental contract was non-renewed as a reprisal or in retaliation for Mr. White having sought the AEA's assistance. The arbitrator noted that Mr. White's supplemental contract as Boys Basketball Coach was automatically non-renewing and that the face of the supplemental contract provided: "Notice is hereby given that this contract is automatically non-renewed at the end of its current term without any further action from the Board." The arbitrator found that Section 3.13.B.3 of the Agreement did not require the district to provide a reason for non-renewing a supplemental contract, and that because the contract was automatically non-renewing, no additional action was required.

**{¶12}** The arbitrator further determined, however, that the District nonetheless violated the Agreement by acting in an arbitrary and capricious manner in not renewing the supplement contract for the position of Boys Basketball Coach. The arbitrator continued her analysis to review the propriety of the District's actions, noting that "the issue of non-renewal of supplemental contracts was previously addressed in an Arbitration Award involving the same

parties." The arbitrator cited to this previous decision[1] for "the standard prohibiting arbitrary and capricious exercise of managerial authority * * *." The arbitrator found that because the District had provided reasons supporting the non-renewal of the supplemental contract, the standard (as provided from the prior arbitration decision) prohibiting the arbitrary and capricious exercise of managerial authority was applicable to the District's non-renewal of Mr. White's supplemental contract.

{¶13} The arbitrator's decision concluded:

> The evidence does not support that the District violated Section 1.08 of the Agreement by non-renewing the Grievant's supplemental contract based upon him having sought Association assistance for his classroom issues. The District had the managerial authority not to renew the contract, subject only to the standard that it not act in an arbitrary and capricious manner. Because the District set forth specific reasons for not renewing the Grievant's coaching agreement that were not supported by the record of evidence, it is concluded that its actions were in violation of the Agreement.
>
> *** [I]t is determined that the District violated the Agreement by acting in an arbitrary and capricious manner in not renewing the Grievant's supplemental contract as Boys Basketball Coach at Buchtel High School for the 2017-2018 school year.

{¶14} Upon review of the arbitrator's decision, the Court of Common Pleas found that by continuing her analysis beyond the determination that the District did not violate Section 1.08 of the Agreement as alleged by the grievance, the arbitrator added terms to the Agreement that directly conflicted with the automatic non-renewal provision of the Agreement. The court concluded that consequently, the arbitrator exceeded her powers and acted in an arbitrary, capricious, and unlawful manner.

---

[1] In the Matter of Arbitration between Akron Education Association and Akron Board of Education, AAA Case No. 53 390 00276 94, Arbitrator Linda DiLeone Klein, October 24, 1994.

{¶15} We agree that the arbitrator exceeded her powers in this matter. As stated above, an arbitration award departs from the essence of a contract when it conflicts with the express terms of the agreement or is without rational support from the agreement or cannot be rationally derived from the terms of the agreement. *IAFF Local 267* at ¶ 7. The arbitration award at issue did not draw its essence from the Agreement; rather, it was without rational support from the Agreement and could not be derived from the terms of the Agreement. Although the arbitrator specifically acknowledged that the Agreement did not require further action for the non-renewal of the supplemental contract, she applied an additional requirement that she adopted from a prior non-binding and factually distinguishable arbitration decision. Critical to our conclusion is that the basis of the arbitrator's decision came not from construing or applying the Agreement, but from an additional requirement gleaned from a prior decision in a separate arbitration matter.

{¶16} We further note that Section 14.06 of the Agreement provided, in part:

> With the exception of written Memoranda of Understanding executed by both parties, this Agreement constitutes the entire agreement between the parties and supersedes and cancels all previous verbal agreements as well as any past practice not applied though the express terms of the Agreement.

Because the arbitration award was not based on the language and requirements of the Agreement itself, the arbitrator exceeded her powers.

{¶17} The assignment of error is overruled.

III.

{¶18} The AEA's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

DONALD J. MALARCIK and JOHN P. STILES, Attorneys at Law, for Appellant.

CHRISTIAN M. WILLIAMS and SAMANTHA A. VAJSKOP, Attorneys at Law, for Appellee.